◼ In the Matter of the Claim of JOHANNA DUFFY, Appellant, v. G. A. FULLER Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board which rescinded an award of death benefits, upon a finding that claimant

had compromised a third-party action without consent of the carrier. The original award directed the carrier to continue payments pending the outcome of a wrongful death action against a third party, which had been commenced by the executor of decedent's estate. The executor was a grown son of the deceased and was not a dependent within the meaning of the Workmen's Compensation Law. This action was terminated more than two years after decedent's death when the attorneys for the parties signed a stipulation of discontinuance. Prior to this discontinuance, claimant signed an agreement wherein she agreed to withdraw her action and authorized her attorneys to sign a stipulation of discontinuance. The carrier ceased compensation payments upon learning of the executor's discontinuance. The board rescinded a Referee's direction of further payments, finding that the discontinuance was a compromise made more than two years after the date of death without the carrier's consent and that, therefore, the carrier was relieved of liability under subdivision 5 of section 29 of the Workmen's Compensation Law. The executor was the proper party plaintiff to bring a third-party action and was the representative of the claimant. (Decedent Estate Law, § 130.) A discontinuance is a compromise requiring consent within section 29 of the Workmen's Compensation Law and taking such action without consent relieves the carrier and the employer of liability even though no prejudice results. (*Matter of Gruhn* v. *Miller Brown, Inc.*, 275 App. Div. 975; see, also, *Matter of Clark* v. *Oakes & Burger Co.*, 16 A D 2d 490.) Decision affirmed, without costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.