**458**

In the Matter of the Claim of MARY E. ROBINETTE, Appellant, *v.* ARNOLD MEYER SIGN COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, February 28, 1974.

*Deyo, Turnbull, Turner & Normile* (*Frank J. Ondrusek* of counsel), for appellant.

*Minore & Manes* (*Joseph F. Manes* of counsel), for Arnold Meyer Sign Company and another, respondents.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

HERLIHY, P. J.   This is an appeal by the claimant from a decision of the Workmen's Compensation Board, filed July 26, 1971, which held that the respondents were entitled to a credit of $12,554.96 against deficiency compensation awarded on and after November 23, 1964.

The evidentiary facts are not disputed.   The claimant's decedent was injured on July 24, 1962 and commenced a third-party action.   The decedent at the time of his injuries was in the course of his employment, and the injuries arose out of the employment.   Between July 24, 1962 and November 12, 1964, it appears that the respondent insurance carrier had paid compensation benefits and medical expenses in the sum of $12,741.59, and the compensation case was continuing.   On November 12,

1964 the compensation carrier by its attorney furnished a written statement that it would consent to a settlement of the third-party action by the decedent in the sum of $39,000 and the letter provided: "The State Fund will accept $11,000 for its lien." It is thus established that the carrier not only approved the settlement but had in fact waived a portion of its lien under subdivision 1 of section 29 of the Workmen's Compensation Law with the result that the settlement was distributed as follows:

| | |
|---|---|
| Counsel fees | $13,703.45 |
| State Insurance Fund | 11,000.00 |
| Claimant | 14,296.55 |
| | $39,000.00 |

Subsequent to the settlement of the third-party action and/or at least subsequent to the reduction of lien on November 12, 1964 until the decedent's death on September 8, 1970, he continued to be entitled to reduced earnings, and awards for partial and total disability totaling $7,491.62 were made. The board has determined that the carrier is entitled to offset the moneys actually received by the claimant from the third-party settlement against the subsequent awards totaling $7,491.62.

The fundamental issue presented to the court upon this appeal is whether or not the authorization by the insurance carrier of the employer, responsible for workmen's compensation benefits, to a claimant to accept a negotiated settlement of his cause of action against a third party made in conjunction with an inducement to such settlement by way of a reduction of the then accrued lien pursuant to subdivision 1 of section 29 of the Workmen's Compensation Law precludes, as a matter of law, any application of the settlement proceeds actually received by the claimant to awards thereafter accruing and/or made as against the apparent intention of subdivision 4 of said section 29, in the absence of any specific agreement between the claimant and the insurance carrier in regard to the settlement proceeds and future benefits accruing to the claimant.

Subdivision 4 of said section 29, having reference in context to third-party actions resulting either by judgment or settlement in proceeds paid to a claimant, provides as follows: "If such injured employee, or in case of death, his dependents, proceed against such other, the state insurance fund, person, association, corporation, or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually col-

lected, and the compensation provided or estimated by this chapter for such case."

The present record establishes, as was found by the board, that there was no specific agreement between the claimant and the carrier in regard to credits against future compensation awards, and, in fact, such possibilities were not discussed. The record further establishes that the carrier had no conscious intent to waive any offset as to future compensation awards. The board found that in the cases of *Matter of Millward* v. *Meyer Sign Co.* (28 A D 2d 1027, affd. without opn. 23 N Y 2d 966) and *Matter of Rosenberg* v. *Schector & Co.* (20 A D 2d 606) a waiver agreement was inferable from the evidence and, accordingly, those cases could be distinguished from this one wherein the board found that the evidence did not support any waiver agreement. In both the *Millward* and *Rosenberg* cases this court did affirm findings by the board that there had been a waiver. In *Matter of Rosenberg* v. *Schector & Co.* (*supra*) the carrier had a total lien of $9,537.98 at which time it consented to accept in satisfaction of its lien the sum of $1,666.67, thereby leaving for the claimant some cash benefits from his settlement with the third party. In that particular case we upheld a waiver of any lien as to subsequent awards because of " the peculiar circumstances " of the case. Nevertheless, the only basis for a waiver in that case was the fact that the carrier agreed to accept less than the full value of its lien and without which agreement the claimant would have realized no actual proceeds from the settlement.

In *Matter of Millward* v. *Meyer Sign Co.* (*supra*) (*Millward* and the present claim arose from the same accident), the carrier had a total lien of $4,131.86 (of which $2,649.25 represented medical payments and $1,482.61 represented compensation payments in lieu of wages) at the time it approved a settlement offer of $11,000 which the claimant had received from a third party, and agreed to accept the sum of $3,500 in satisfaction of its lien. The sole proof of any waiver as to the right of setoff of the proceeds actually received by the claimant against a future additional award of compensation in lieu of wages was the agreement by the carrier to accept in satisfaction of its lien at the time of settlement a sum of money about $600 less than its actual lien. Nevertheless, we affirmed the conclusion of the board that the right of setoff had been waived as to future compensation awards, with the exception that the carrier was entitled to a credit for such sums of money as it had actually paid on behalf of the claimant at the time the third-party action

was settled. As noted hereinabove, the *Millward* case was affirmed without opinion in the Court of Appeals.

In *Matter of Withers* v. *Century Fed. Sav. & Loan Assn.* (26 A D 2d 738) this court held that in regard to a settlement by an employee's dependents of a third-party action for conscious pain and suffering and wrongful death, the dependent would not be entitled to limit the credit against future awards of compensation to the amount realized by such dependent from the wrongful death cause of action settlement when there had been a specific agreement between the carrier and the dependent that all receipts by the dependent up to a specified limit from the settlement would be applied as a credit against future awards.

It is possible that the *Rosenberg* case might be distinguished from the present situation upon the ground that in that case the then existing lien exceeded the total amount of the settlement and that if it were not for the compromise of the lien, the claimant would have received nothing and clearly would have had no inducement to accept the settlement. However, in the *Millward* case there were no such circumstances and the waiver of credits as to future awards flowed as a necessary fact from the compromise of the lien.

Upon the present record there was no specific agreement between the parties as to the waiver of credits in regard to future awards, and the only evidence in the record is that of the compromise of the lien. Mindful of the approval of this court in the *Millward* case of the inference flowing from such compromise that there was intent to waive offsets as to future awards, the sole evidence in this record is that there was a waiver, and there is no substantial evidence to support the finding of the board. If the carriers and/or employers in compromising liens wish to avoid the implication that they were thereby inducing the claimant to settle, they need only include in their compromise of the lien pursuant to subdivision 1 of section 29 of the Workmen's Compensation Law a statement that such compromise does not waive any rights as to offsets against future benefits pursuant to subdivision 4 of said section 29.

On this appeal, the argument is made that there was, by way of proof, substantial evidence to sustain the decision of the board. It should be first noted that the proof was in the direction of what the carrier intended to accomplish, but was admittedly not part of the written agreement. In our opinion the legal argument is important to the present decision, and there is no

compelling reason to depart from our prior decision in *Millward* (*supra*).

The decision should be reversed, with costs, and the matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith.

STALEY, JR., GREENBLOTT, COOKE and MAIN, JJ., concur.

Decision reversed, with costs, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith.