In the Matter of the Claim of BEN WASSERMAN, Appellant, v CHARCOAL CHEF et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed February 15, 1977, and an amended decision, filed February 18, 1978, which affirmed a referee's decision and held that claimant's malpractice action against certain physicians was a third-party action within the meaning of the Workers' Compensation Law. As a result of compensable injuries which he concededly sustained on February 28, 1971, claimant was classified as permanently partially disabled with a one-third earning capacity, and he began receiving payments of compensation from his employer's insurance carrier, Cosmopolitan Mutual Insurance Company (Cosmopolitan). Asserting that his treating and Cosmopolitan's consulting physicians were guilty of malpractice in the treatment and examination of his injuries, he likewise instituted a malpractice suit against them, and the case was settled with claimant receiving $72,976.40 from the treating physician's carrier on July 25, 1975. Two days earlier, on July 23, 1975, claimant and his attorney had signed a statement in return for Cosmopolitan's waiver of its compensation lien in the malpractice action. In the statement, it was set forth that claimant had been advised and understood that, with regard to his net recovery in the malpractice action, said waiver did not waive any of Cosmopolitan's rights as to offset against claimant's future benefits pursuant to subdivision 4 of section 29 of the Workers' Compensation Law. The statement further provided that claimant agreed that his net proceeds from the action were to be applied to his future compensation benefits arising from his accident on February 28, 1971. Under these circumstances, the board ultimately restored claimant's compensation claim to the referee calendar for a computation of his deficiency compensation and a decision as to when he would be eligible for such compensation. In so ruling, it specifically concluded that the malpractice action was a third-party action within the meaning of the Workers' Compensation Law and that it had been settled with the consent of Cosmopolitan. This appeal followed. Initially, we find that the appeal must be dismissed as untimely. Since the board's decision was filed on February 11, 1977, and claimant's only notice of appeal was not filed until well over 30 days later on June 11, 1977, it is clear that said notice was not timely filed and, consequently, we are without jurisdiction in this matter (Workers' Compensation Law, § 23; cf. *Matter of Aiello v Rissel Constr. Corp.,* 37 AD2d 884, mot for lv to app den 30 NY2d 484). Moreover, even if we were to consider claimant's inartfully drawn notice of appeal as an appeal from the board's denial on May 23, 1977 of his request for its reconsideration of its earlier decision, such an appeal would likewise have to be rejected. Where the board has denied an application for reconsideration, its ruling may not be disturbed unless it was arbitrary and capricious or an abuse of discretion *(Matter of Eddings v Big Jim Serv. Center,* 62 AD2d 1119), and that situation does not prevail here. In this instance, claimant admitted that he had placed all of his evidence before the board

and did not indicate that he possessed any newly discovered evidence (cf. *Matter of Aiello v Rissel Constr. Corp., supra).* Such being the case, we need not reach the merits of what seems to be claimant's basic complaint, i.e., that his malpractice action was not a third-party action within the meaning of the Workers' Compensation Law and, accordingly, his net recovery therein should not serve to reduce his compensation payments from Cosmopolitan. However, in view of the fact that claimant apparently expended much effort in prosecuting this appeal *pro se* and is obviously confused on the law, we would point out that it has long been settled that a medical malpractice action, such as the one instituted by claimant, is a third-party action within the meaning of section 29 of the Workers' Compensation Law *(Matter of Parchefsky v Kroll Bros.,* 267 NY 410) and, therefore, claimant's net proceeds therefrom were properly applied to reduce his future compensation benefits (see Workers' Compensation Law, § 29, subd 4). Additionally, section 218 of the Workers' Compensation Law relating to disability benefits is inapplicable here, and claimant's allegation that he was coerced by his attorney into signing the statement of July 23, 1975 is without any foundation or support in the record. Appeal dismissed, without costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.