■ DORMITORY AUTHORITY OF THE STATE OF NEW YORK et al., Plaintiffs, v VINCENT J. SMITH, INC., Defendant, and SARGENT, WEBSTER, CRENSHAW AND

FOLLEY, Respondents. (And Third-Party Actions.) CONTINENTAL INSURANCE COMPANY, Fourth-Party Plaintiff-Respondent, v LOUIS J. COLANGIONE et al., Fourth-Party Defendants-Appellants. — Order and judgment unanimously affirmed, with costs. Memorandum: In this action for breach of contract and negligence in the construction of a certain dormitory complex on the campus of Syracuse University, fourth-party defendants Louis J. Colangione, Bernice M. Colangione, Louis R. Colangione, Diane M. Colangione, Skyway Roofing Company, Inc., and Skyway Construction Co., Inc., interposed cross claims in the main and third-party actions against Vincent J. Smith, Inc., the general contractor, and Sargent, Webster, Crenshaw and Folley, the architect, on the job. The Colangiones owned the Skyway companies, the roofing contractors. Both Skyway companies are now defunct. The Continental Insurance Company provided the needed performance bond on the construction contract for the Skyway companies. As part of the consideration for providing the performance bond Continental required and obtained indemnification agreements from the Colangiones. When the third-party action was commenced against Continental, it in turn brought the fourth-party action against the Colangiones and the Skyway companies solely on the indemnification agreements. During the course of the trial, the main and third-party actions were settled, with Continental making a contribution to the settlement on behalf of Skyway. The fourth-party action was severed and continues to be a pending lawsuit. On motion the court dismissed the cross claims asserted by the fourth-party defendants. In addition, Continental discontinued its fourth-party causes of action against the Skyway companies, leaving the Colangiones the remaining fourth-party defendants. This appeal is from the dismissal of the cross claims in the fourth-party action. The cross claims contained in the fourth-party action appear to be asserted on behalf of Skyway only and sound largely in contribution, although it could be argued that they were also alleged on behalf of the Colangiones. However, in affirming the order and judgment of trial term we need not decide whether the Colangiones have standing to bring this appeal. Continental settled the claim against Skyway as one of the three tort-feasors and this settlement is binding upon Skyway as well as the Colangiones (General Obligations Law, § 15-108, subd [b]). No contractual or other relationship existed between the Colangiones and the other tort-feasors nor could the Colangiones be vicariously liable for the acts of the other tort-feasors which could give rise to any right of indemnification from them, express or implied *(Mauro v McCrindle,* 70 AD2d 77). The only vicarious liability to which they might have been subject arose out of their relationship with Skyway. The Colangiones' argument that as indemnitors of Continental they are subrogated to the latter's rights who in turn had been subrogated to Skyway's rights is without merit. These rights no longer exist, the claims having been compromised and settled. Since they are bound together by contract the Colangiones may have claims against Continental, but not against any other party in the main or third-party action. (Appeal from order and judgment of Onondaga Supreme Court — dismiss cross claim.) Present — Dillon, P.J., Doerr, Moule and Schnepp, JJ.