In the Matter of the Claim of GERALD A. HILTON, Appellant, v TRUSS SYSTEMS, INC., et al., Respondents; WORKERS' COMPENSATION BOARD, Respondent.

Third Department, October 15, 1981

APPEARANCES OF COUNSEL

*Oot & Fallon (John S. Hogg* of counsel), for appellant. *McDonough, Digby & Connelly (Samuel B. Vavonese* of counsel), for Truss Systems, Inc., and another, respondents.

OPINION OF THE COURT

YESAWICH, JR., J.

While working, claimant, a 23-year-old truck driver, fell from a railroad car injuring his spine with resultant paraplegia. He was classified permanently totally disabled by the Workers' Compensation Board. Thereafter, claimant settled his third-party action arising out of this same occurrence for a net recovery to him of $185,422.05. As part of the settlement, the compensation carrier agreed to waive its lien on the recovery (Workers' Compensation Law, § 29, subd 1). When the settlement stipulation was spread on the record, the carrier's lien, as of that day, approximated $70,000.

To be determined is whether the compensation carrier waived not only its existing lien, but also its right to offset claimant's future compensation benefits against the net proceeds of his third-party recovery.

Each party reads *Matter of Robinette v Meyer Sign Co.* (43 AD2d 458) as being dispositive and in its favor. Respondents maintain that *Robinette* applies only to those instances where the sole evidence in the record is the waiver itself and there is nothing more to indicate the extent of the compromise. Here, they argue, the record reveals the intended scope of the carrier's waiver. They point to the transcript of the settlement stipulation entered into in Federal court and correspondence between claimant's attorney and the carrier, all of which infer a conditional waiver of the carrier's lien.

Although some language in *Robinette* arguably narrows its holding, its thrust is broader than advocated by respondents. It directed carriers to be explicit if they wish to avoid the inference that they are effecting a complete waiver and gave unmistakable notice that ambiguities would be resolved against them. Then Presiding Justice HERLIHY, writing for a unanimous court, observed: "If the carriers and/or employers in compromising liens wish to avoid the implication that they were thereby inducing the claimant to settle, they need only include in their compromise of the lien pursuant to subdivision 1 of section 29 of the Workmen's Compensation Law a statement that such compromise does not waive any rights as to offsets against future benefits pursuant to subdivision 4 of said section 29." (43 AD2d 458, 461, *supra.*) In short, if a carrier or employer desires to preserve its offset rights, it is obliged to plainly and unambiguously so state (cf. *Matter of Wasserman v Charcoal Chef,* 66 AD2d 981). Doing so has the salutary effect of affording a claimant the opportunity to examine a proposed settlement from a proper perspective, for it enables him to weigh this offer against a potential loss of future compensation benefits.

Inasmuch as here there was not a categorical statement of the parties' understanding as *Robinette* mandates, the board's decision was not supported by substantial evidence and, therefore, must be reversed.

The decision should be reversed, with costs to claimant against the employer and its insurance carrier, and the matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith.

MAHONEY, P. J., MAIN, MIKOLL and WEISS, JJ., concur.

Decision reversed, with costs to claimant against the employer and its insurance carrier, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith.