■ In the Matter of the Claim of KEVIN ROACH, Appellant, v HASTINGS PLASTICS CORP. et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed March 26, 1980, which reversed a referee's decision and denied further compensation benefits to claimant. On February 26, 1971, claimant sustained a compensable injury and thereafter commenced a medical malpractice action against certain physicians based upon the surgery and medical care rendered from February 27, 1971. Concededly, this malpractice action was discontinued on October 7, 1976, without the consent of the compensation insurance carrier. The board found that claimant's discontinuance of the malpractice action without the consent of the carrier barred further compensation recovery and this appeal ensued. Section 29 of the Workers' Compensation Law prohibits a claimant from compromising a third-party action without the consent of the compensation carrier liable for payment of compensation benefits or a compromise order from a Justice of the court in which the third-party action was

pending (Workers' Compensation Law, § 29, subd 5). Contrary to claimant's initial assertion, it is well established that a medical malpractice action, such as the one in question herein, is a third-party action within the meaning of section 29 of the Workers' Compensation Law (*Matter of Parchefsky v Kroll Bros.,* 267 NY 410; *Matter of Wasserman v Charcoal Chef,* 66 AD2d 981). It has also been held that a discontinuance of a third-party action is a compromise of the action requiring the consent of the carrier under section 29 of the Workers' Compensation Law (*Matter of Duffy v Fuller Co.,* 21 AD2d 725; *Matter of Gruhn v Miller Brown, Inc.,* 275 App Div 975). Such a discontinuance, without consent, relieves the carrier of liability (*Matter of Duffy v Fuller Co., supra*). Claimant has failed to demonstrate sufficient reason for deviating from these previous court decisions which govern the present case and, therefore, the decision of the board should be affirmed. Decision affirmed, without costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.