OPINION OF THE COURT
John S. Lockman, J.
Motion by plaintiff for an order pursuant to section 29 of. the Workers’ Compensation Law granting plaintiff leave to settle a tort action nunc pro tunc is disposed of in the following manner.
On February 22,1980 plaintiff was injured when during the course of his employment and while delivering freight to defendant White Rose Food Corporation, a hydraulic pallet jack allegedly made contact with his ankle causing a fracture. Defendant commenced the above-entitled tort action and also claimed workers’ compensation benefits. While there has been an award of workers’ compensation benefits, the award is on administrative appeal and plaintiff contends without contradiction that he has not as yet received any payments. Meanwhile, the above-entitled action came on for trial before this court while on temporary assignment to Queens County. On April 22, 1982 plaintiff *695 entered into a settlement with E & M Freight Handlers, Inc., and Daniel Scalza in which he accepted $65,000 in full satisfaction of his claims against them. The minutes of the proceedings in court on that day reflect the following colloquy between plaintiff and his attorney:
“attorney: And have you discussed the proposed offer of settlement with me?
“plaintiff: Yes, I have.
“attorney: And have I told you you should not take it? [emphasis supplied].
“plaintiff: Yes, sir, you did.
“attorney: Have yóu decided to take the figure?
“plaintiff: Yes, I did * * *
“mr. ryan: All right. That’s so stipulated. I think there is an indication — I don’t know the nature of the amount, but there is some sort of a compensation lien.
“attorney: There is an allegation of a lien. I don’t know that it’s valid, but Mr. Fuller, do you understand that if there is a valid lien, the lien comes from your share of the proceeds?
“plaintiff: Yes, I understand.”
Following the court’s resumption of its duties in Nassau County, plaintiff moved on June 14, 1982, for leave to settle the tort action pursuant to section 29 of the Workers’ Compensation Law nunc pro tunc to the date of settlement. That application was denied without prejudice to renewal upon papers complying with CPLR 2214 (subd [c]). The motion was renewed on September 23, 1982 and again referred to this court by messenger. It was then adjourned on consent to afford plaintiff an opportunity to furnish the court with a copy of the minutes of the April 22 proceeding.
Subdivision 5 of section 29 of the Workers’ Compensation Law provides in pertinent part as follows: “In case of the payment of an award to the commissioner of taxation and finance in accordance with subdivisions eight and nine of section fifteen and in accordance with section twenty-five-a such payment shall operate to give to the employer or insurance carrier liable for the award a cause of action for the amount of such payment together with the reason *696 able funeral expenses and the expense of medical treatment which shall be in addition to any cause of action by the legal representatives of the deceased. Such a cause of action assigned to the state may be prosecuted or compromised in the name of the state insurance fund by the commissioners of the state insurance fund. A compromise of any such cause of action by the employee * * * at an amount less than thé compensation provided for by this chapter shall be made only with the written approval of the commissioners of the state insurance fund or such officer thereof designated by them, if the deficiency of compensation would be payable from the state insurance fund, and otherwise with the written approval of the person, association, corporation, or insurance carrier liable to pay the same. However, written approval of the commissions of the state insurance fund or such officer thereof designated by them or written approval of the person, association, corporation, or the insurance carrier need not be obtained if the employee * * * obtain a compromise order from a justice of the court in which the third-party action was pending.” (Emphasis supplied.)
The section then specifies the papers which must be submitted upon an application for a compromise order including:
“a. The name and residence of the petitioner * * *
“b. The date of the accident * * *
“c. The nature and extent of the damages sustained, including the name of the physician or physicians attending or consulting in the treatment and the medical expenses incurred, the period of disability resulting from the accident, the total amount of wages lost thereby, and the present physical condition;
“d. The terms of the attorney’s retainer and of the proposed settlement and petitioner’s approval thereof; and
“e. Whether any previous application for the settlement * * * has been made”. (Workers’ Compensation Law, § 29, subcl 5.)
The requirements of the attorney’s and physician’s affidavits are further amplified, but such details are not significant here.
*697 Defendant opposes approval of the settlement on the ground that petitioner has failed to supply the papers required upon an application for court approval of a compromise under subdivision 5 of section 29 of the Workers’ Compensation Law. Petitioner does not deny noncompliance, but contends that the requirements of subdivision 5 of section 29 need only be complied with where a workers’ compensation payment has been made. He argues that since the compensation award is on appeal and no payments have been made pursuant to it, subdivision 5 of section 29 need not be complied with.
Prior to the enactment of an amendment to subdivision 5 of section 29 of the Workers’ Compensation Law in 1966, the compromise of a claim without the consent of the commissioners of the State fund or of the carrier, depending upon the source from which payment was forthcoming, operated to relieve the party responsible for compensation payments from all further liability. (Matter of Duffy v Fuller Co., 21 AD2d 725; 65 NY Jur, Workmen’s Compensation, § 106, pp 511-513.) The enactment of the amendment to subdivision 5 of section 29 created a mechanism for court approval and at the same time established the procedure for securing such approval. (L 1966, ch 840.) The purpose of the amendment was to prevent double recoveries by the employee without unjustly rewarding the carrier for third-party recoveries secured through the employee’s efforts. (Castleberry v Hudson Val. Asphalt Corp., 70 AD2d 228.)
The plaintiff employee cannot claim the benefit of subdivision 5 of section 29 of the Workers’ Compensation Law provision for court authorized settlements without accepting the concomitant obligation to comply with the procedures set forth in that section. If he rightly contends that subdivision 5 of section 29 is inapplicable until there has been a compensation payment, then perhaps there can be no approval until the issue of whether there will be an award is resolved. However, since the test of whether a compromise requires consent or approval is whether it is for an amount “less than the compensation provided for by this chapter” rather than the amount actually paid, it would appear that the approval of compromises before final *698 resolution of compensation claims would do no violence to the terms of the statute. Nevertheless, to secure such approval plaintiff must comply with the statute’s procedural requirements. This is particularly true where the plaintiff’s own attorney has indicated in the settlement minutes that the settlement figure was inadequate.
Accordingly, the motion is denied without prejudice to renewal upon papers complying with subdivision 5 of section 29 of the Workers’ Compensation Law. Obviously, however, if the pending appeal of the compensation award is decided adversely to plaintiff and no compensation is awarded, there will be no need for a compromise order.