OPINION OF THE COURT
Thomas E. Mercure, J.
Petitioner moves for an order apportioning legal fees and expenses pursuant to Workers’ Compensation Law § 29 (1).
The facts are not in dispute. While working as an employee of the Upper Hudson Library Federation on February 7, 1984, the petitioner was injured in an automobile accident. As a result of the accident, petitioner lost one day from work and required medical attention for a cervical strain. As of January 31, 1985, petitioner’s prognosis, according to his physician, was that he did not show any ongoing neurological loss; is showing a great deal of improvement in his previous cervical strain; and, although he does have some minor nerve root irritation, it is expected he will continue to improve. A settlement between the petitioner and the third party in the amount of $17,000 was approved by court order on May 6, *378 1985. The attorneys’ fees and disbursements for effecting the third-party recovery amounted to $5,702.
Because the motor vehicle accident in which the petitioner was involved entitled him to "first-party benefits” as defined by the Insurance Law, the respondents did not have a lien against the petitioner’s net proceeds for the "first-party benefits” paid by the respondents to the petitioner (see, Workers’ Compensation Law § 29 [1-a]). Respondents have, however, reserved their rights -to claim a credit for payment of any future compensation and have stated that they will not pay any future compensation until the net proceeds have been absorbed by petitioner (see, Matter of Robinette v Meyer Sign Co., 43 AD2d 458).
It is under this Robinette reservation and pursuant to Workers’ Compensation Law § 29 (1) that petitioner seeks an equitable apportionment of his legal fees and expenses (see, Matter of Kelly v State Ins. Fund, 60 NY2d 131; Wood v Firestone Tire & Rubber Co., 123 Misc 2d 812). Petitioner avers that respondents do have a valid lien against the petitioner’s net proceeds for items other than "first-party benefits” such as for a scheduled loss of use, a permanent partial disability, a lump sum, or for payments of "first-party benefits” in excess of three years or $50,000 (see, Workers’ Compensation Law § 29).
Petitioner contends that respondent’s equitable apportionment of his legal fees and expenses is $3,789.48 and is computed as follows:
Attorney’s Fee & Disbursements = Carrier’s Equitable Apportionment Total Recovery Total Carrier Benefit
$ 5,702.00 $17,000.00 Carrier’s Equitable Apportionment $11,298.00
$ 3,789.48 Carrier’s Equitable Apportionment
Prior to the amendment of section 29 in 1975, an insured employee who recovered against a third party an amount greater than his or her statutory entitlement to compensation bore the entire cost of litigation (see, Memorandum of NY Law Revision Commn, 1975 McKinney’s Session Laws of NY, at 1551). The impetus to amend the law to provide for allocation of litigation costs between the claimant and the carrier was the desire to stem the inequity to the claimant which arose when a carrier benefited from an employee’s recovery while assuming none of the litigation costs. It was thought that *379 those interests would be most effectively served by equitably apportioning litigation expenses.
It is clear that section 29 does not limit a court’s power to assess costs against a carrier’s relief from its obligation to pay future benefits, and the allocation formula should take into account the full benefit a carrier receives (Matter of Kelly v State Ins. Fund, supra).
However, petitioner’s reasoning that respondents have reaped a benefit in the amount of $11,298 by reason of the credit they have claimed is fallacious. It is necessary that respondents claim the credit at the present time in order to avoid the implication that they are waiving their rights as to offsets against future benefits (Matter of Robinette v Meyer Sign Co., supra).
On the papers herein, and unlike the factual situation in Matter of Kelly (supra), determining the value of future compensation payments that respondents have been relieved of paying would involve sheer speculation on the court’s part. This is especially so in view of the fact that petitioner’s medical bills were in the amount of $1,600; the fact that he has no lost wages; the fact it appears unlikely that he is facing the prospect of significant future medical expenses and/ or loss of earnings in view of his physician’s prognosis that it is expected he will continue to improve; and the fact that at a workers’ compensation hearing within the past month, the examiner found no disability.
It is incumbent upon a petitioner seeking an equitable apportionment of litigation expenses to provide the court with some basis for arriving at that equitable apportionment. Petitioner may not merely contend that respondents have reserved their rights pursuant to Matter of Robinette (supra), and seek an equitable apportionment based upon an assertion of "total carrier benefit” not supported by the papers. There is nothing before me indicating any probability of a scheduled loss of use, a permanent partial disability, a lump sum, or payments of "first-party benefits” in excess of three years or $50,000. None of these eventualities seem likely based upon my perusal of the affidavits herein. Nor does it seem probable that respondents will ever assert any right pursuant to their Robinette reservation. The mere possibility that those rights may be asserted provides an inadequate basis for the court to equitably apportion litigation expenses. The equitable appor *380 tionment sought herein would constitute a windfall to petitioner under these facts and circumstances.
Petitioner’s motion is denied.