■ In the Matter of the Claim of JOSEPH ANGRISANO, Respondent, v UNITED PROGRESS, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Kane, J. Appeal from a decision of the Workers' Compensation Board, filed March 23, 1984, which determined that respondent Travelers Insurance Company had failed to reserve its rights to future offsets against claimant's net recovery in a third-party action.

Claimant was injured on January 28, 1976 in the course of his employment as an ironworker for United Progress, Inc. (United). United's workers' compensation carrier, Travelers Insurance Company (Travelers), voluntarily began payment of compensation immediately thereafter. Claimant subsequently commenced an action against the parties he deemed responsible for his injuries, one of which impleaded United. Travelers was also United's liability insurer and thus represented United in the third-party action.

In May of 1982, a settlement was reached between claimant and all of the parties, including United and Travelers. The stipulation of settlement was placed upon the record in Supreme Court and provided, *inter alia*, that the defendants in the action would pay claimant $355,000, of which no more than $50,000 would be reimbursed to Travelers for workers' compensation benefits. During the settlement proceedings, the attorney for Travelers and United represented on the record that the workers' compensation lien did not exceed $50,000, but that in the event it did exceed $50,000, Travelers would waive any excess above that amount. Travelers' and United's attorney joined in the stipulated agreement and, when asked by the court if there was anything further he wished to say, the attorney answered in the negative. The record demonstrates that during the course of the proceedings, claimant's attorney stated that the settlement and its ramifications had been explained to and were fully understood by claimant and,

additionally, that the court explained to claimant the particulars of the settlement.

About two weeks thereafter, Travelers advised claimant's attorney that its compensation lien up to that date was $48,954.02 but that it would take credit against the third-party recovery for any future compensation payments to claimant. Travelers received full reimbursement of its $48,954.02 lien.

In hearings before the Workers' Compensation Board, claimant, objecting to the position taken by Travelers, asserted that since the settlement did not include any specific preservation of offset rights, claimant was entitled to continuation of his workers' compensation benefits. The Administrative Law Judge agreed. Upon Travelers' appeal to the Board, the Board affirmed, finding no evidence in the record that Travelers had reserved its rights to take credits for any net recovery in excess of $50,000 prior to the settlement stipulated to in Supreme Court. This appeal ensued.

In *Matter of Hilton v Truss Sys.* (82 AD2d 711, 712, *affd* 56 NY2d 877), this court had to determine whether the compensation carrier there, in addition to waiving its existing lien, had the right to offset the claimant's future compensation benefits against the net proceeds of his third-party recovery. Citing *Matter of Robinette v Meyer Sign Co.* (43 AD2d 458), we noted that, in the context of settlement negotiations, ambiguities would be resolved against the carrier and, if a carrier or an employer wishes to preserve its offset rights, it is obliged to plainly and unambiguously so state *(Matter of Hilton v Truss Sys., supra,* p 712). "Doing so has the salutary effect of affording a claimant the opportunity to examine a proposed settlement from a proper perspective, for it enables him to weigh this offer against a potential loss of future compensation benefits" *(supra)*. Since there were no such categorical statements of the parties' understanding in *Hilton* or in *Robinette,* we reversed Board decisions in those cases which found that carriers were entitled to offset future compensation benefits *(see also, Matter of Sandles v Suffolk County Police Dept.,* 89 AD2d 682, 683). In *Hilton,* there was clearly a waiver to the existing lien of $70,000 *(Matter of Hilton v Truss Sys., supra,* pp 711-712), and in *Robinette* and *Sandles,* the carriers had waived a portion of their liens *(Matter of Robinette v Meyer Sign Co., supra,* pp 458-459; *Matter of Sandles v Suffolk County Police Dept., supra,* p 683).

Although in the instant case Travelers was reimbursed to the full extent of its lien and its attorney had represented

that its existing lien did not exceed $50,000, we cannot say that it was unreasonable for the Board to have found that Travelers had not reserved its rights prior to the stipulated settlement in Supreme Court. In light of the fact that Travelers agreed that it *would* waive any excess above $50,000 in the event that its workers' compensation lien exceeded $50,000, the Board could have found that Travelers had agreed to compromise its lien without also including a statement that such agreement to compromise did not waive any rights to offset future benefits.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.