■ In the Matter of the Claim of GERALD A. HILTON, Appellant-Respondent, v TRUSS SYSTEMS, INC., et al., Respondents-Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J. Cross appeals from an amended decision of the Workers' Compensation Board, filed May 14, 1986.

When this claim was previously before the court, we determined that the employer's workers' compensation carrier was not entitled to offset future compensation benefits against the net proceeds of claimant's third-party personal injury action settlement (82 AD2d 711). The Court of Appeals affirmed this ruling (56 NY2d 877). On this appeal, two further issues have developed, (1) whether the carrier was properly held liable for a penalty due to the late payment of compensation pursuant to Workers' Compensation Law § 25 (1) (e), and (2) whether the carrier was required to furnish special apparatus for claimant's motor home, used solely for recreational purposes, pursuant to Workers' Compensation Law § 13.

The Workers' Compensation Board imposed a penalty of 10% of the unpaid award running from October 27, 1978, the date of the settlement, through October 29, 1983 pursuant to Workers' Compensation Law § 25 (1) (e). This provision provides that where a claim for compensation is not controverted, a carrier is liable for a 10% penalty if it "fail[s] to pay any instalments of compensation within eighteen days after the same become[s] due". This appeal raises the novel question as to when the compensation became due in the aftermath of our previous rejection of the carrier's offset rights. As in *Matter of Surdi v Premium Coal & Oil Co.* (52 NY2d 860, 862), the construction of this statutory provision requires us to assess the legislative intent, without deference to administrative expertise. Accordingly, a further recitation of the underlying procedural history is in order.

By notice of decision filed July 5, 1979, incorporating a memorandum dated June 6, 1979, the Workers' Compensation Law Judge (hereinafter WCLJ) awarded compensation from the date of the accident through February 13, 1979 at $80 per week, with a direction to the carrier to continue payments, and authorized the carrier's offset rights. On July 26, 1979, a supplemental decision was rendered ordering the carrier to

"resume" payments on March 22, 2023 on the basis of an actuarial computation of the carrier's offset rights. Upon our reversal of the Board's determination affirming the WCLJ's award, the matter was remitted to the Board for an appropriate followup (82 AD2d 711, 713, *supra*). Following the Court of Appeals affirmance, the full Board issued a resolution, dated July 27, 1982, adopting the appellate court rulings and referring the case to a Board panel "for further proceedings consistent with the decision of the Court of Appeals". By decision issued June 22, 1983, the Board modified the WCLJ's July 5, 1979 decision by deleting the carrier's offset rights and "restored [the case] to the Trial Calendar for appropriate awards". Thereafter, by decision dated December 8, 1983, the WCLJ issued an award of compensation from February 13, 1979 through November 16, 1983 and awarded late payment penalties of 10% to 20% on various award periods *(see,* Workers' Compensation Law § 25 [1] [e]; [3] [former (c)]).

The carrier essentially maintains that by virtue of the controversy over the offset issue, the obligation to resume payments did not arise until December 8, 1983 when the notice of decision establishing an award was filed. Focusing on the deferral language employed in the various decisions leading up to that award, the carrier maintains that the offset controversy was not actually resolved until the December 8, 1983 award was rendered. Since payment was made within the relevant 10-day time limit set forth in Workers' Compensation Law § 25 (3) (former [c]), the penalty provision was not triggered.

In our view, the Board properly applied the procedure set forth in Workers' Compensation Law § 25 (1) for noncontroverted claims in assessing a 10% penalty. The Board determined that by virtue of the full Board's resolution on July 27, 1982 adopting the appellate resolution of the offset issue, the case was no longer controverted and the carrier was obligated to resume compensation payments. Our review of the WCLJ's July 5, 1979 decision, as amended, confirms that the carrier was required to continue payments subject only to the offset. Upon deletion of the offset, the obligation to continue payments stood unimpeded. Thus, the Board could rationally focus upon the July 27, 1982 resolution as the due date for the continuation of compensation benefits within the meaning of Workers' Compensation Law § 25 (1) (e) *(see,* Workers' Compensation Law § 54-b). This construction is consistent with the public policy favoring prompt payment to injured employees which underlies the penalty provisions of Workers' Compensa-

tion Law § 25 *(see, Matter of Surdi v Premium Coal & Oil Co.,* 71 AD2d 964, 965 [Mahoney, P. J., dissenting], *revd on dissenting opn below* 52 NY2d 860). Since the carrier unquestionably failed to make payment within the 18-day limit, the 10% penalty was properly assessed *(see,* Workers' Compensation Law § 25 [1] [e]). Given the circumstances of this case, we further agree with the Board's assessment that the 20% penalty provided in Workers' Compensation Law § 25 (3) (former [c]) does not pertain. The actual terms of the July 5, 1979 award, other than the offset provision, were not altered until the WCLJ filed his decision on December 8, 1983 and payment was apparently made within the 10-day limit *(cf., Matter of White v New York City Hous. Auth.,* 83 AD2d 707).

Finally, we agree with the Board that claimant was not entitled to reimbursement for the expense of outfitting his recreational vehicle *(see,* Workers' Compensation Law § 13; *Matter of Kranis v Trunz, Inc.,* 91 AD2d 765).

Decision affirmed, with costs to the Workers' Compensation Board against the employer and its workers' compensation carrier. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.