Hon. Barbara A. Leak Formal Opinion Chairperson No. 95-F1 Crime Victims Board 845 Central Avenue, Rm. 107 Albany, N Y 12206-1588
Dear Chairperson Leak:
Your counsel inquires whether compromise or settlement by the Crime Victims Board (the "Board") of the amount of a lien which attaches to proceeds of a recovery, pursuant to Executive Law § 634(2) (the "Ex L"), necessarily constitutes waiver of a lien that might otherwise attach to proceeds of a subsequent recovery or waiver of the State's right of subrogation, set forth in Ex L § 634(1)(a). We conclude that compromise or settlement of the amount of a lien may or may not effect waiver of a subsequent lien or waiver of subrogation rights, depending upon the intentions of the parties as evidenced by the record of proceeding.
The Board is authorized to make awards to victims of crimes or claimants of such victims (Ex L §§ 620, 623, 624). Executive Law § 634 sets forth various mechanisms whereby the State may recover the amount of the award. Executive Law § 634(1)(a) provides that
 acceptance of an award . . . subrogates the state, to the extent of such award, to any right or right of action accruing to the claimant or the victim to recover payments on account of losses resulting from the crime with respect to which the award is made.
The claimant's failure timely to commence an action against the assailant or any third party who may be liable operates as an assignment to the State of the claimant's cause of action, but only to the extent of the award. Ex L § 634(1)(a). The Attorney General may commence an action against an assailant or third party for money damages to the extent of the award, and the claimant may intervene in such an action. Ex L § 634(1)(c). Executive Law § 634(2) creates a statutory lien, upon acceptance of an award, in favor of the State
 on the proceeds of any recovery from the person or persons liable for the injury or death giving rise to the award by the [B]oard . . . after the deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery, to the total amount of the award made by the [B]oard. Such lien shall attach to any moneys received or to be received by the claimant or victim on account of losses resulting from the crime.
Upon application by the claimant, a court may reduce the amount of the lien to an amount less than the amount of the award paid by the Board in order to apportion equitably reasonable and necessary expenditures, including attorneys' fees, between the claimant and the Board. Ex L § 634(2).
By L 1982, ch 513, which added Ex L § 634(2) to provide for statutory lien on recoveries, the Board was authorized to compromise or settle the amount of such lien. The lien may be compromised or settled if the Board determines that compromise or settlement is in the best interests of the State or that payment of the full amount of the lien results in undue hardship on the claimant. The purpose of this provision was to encourage claimants to initiate and prosecute litigation who otherwise might not have done so because of the State's interest in the recovery. Executive Bill Jacket, Memorandum entitled "Attorney General's Legislative Program". Pursuant to this provision, the Board may determine to reduce the amount of the lien (that is, to discharge by waiver a portion of the underlying debt), in the subject and any subsequent litigation, to an amount less than the amount of the award paid by the Board in order for the Board to absorb a portion of the claimant's reasonable and necessary expenditures, including attorneys' fees. By L 1985, ch 688, Ex L § 634(1)(c) was amended to authorize compromise or settlement of an action brought by the Attorney General.
Executive Law § 634 treats subrogation and lien, appropriately, as separate legal concepts. Subrogation is the right of one party (here, the State) upon discharging another person's obligation (here, the obligation of the assailant or other liable third party to the claimant discharged by the Board's paying the award) to stand in the shoes of the person paid (here, the claimant) and acquire his rights as against the one (here, the assailant or other liable third party) whose obligation was discharged by the subrogee (here, the State). See, Salzman v Holiday Inns, 48 A.D.2d 258
(4th Dept 1975), mod, 40 N.Y.2d 919 (1976). Subrogation is intended to prevent double recovery (here, by claimant), to force the wrongdoer (here, the assailant or liable third party) to bear the costs of his wrongdoing, and to reimburse the subrogee (here, the State) for the payment it has made. Kozlowski v Briggs Leasing, 96 Misc.2d 337 (Sup Ct Kings Co 1978).
The right of subrogation is extinguished when the underlying rights of the obligee against the wrongdoer no longer exist. Dormitory Authority vSmith, 81 A.D.2d 1006 (4th Dept 1981). However, compromise or settlement by the claimant of claims against one wrongdoer may or may not extinguish the subrogation right of the State to any cause of action the claimant might have as against another liable third party, and pursuant to Ex L § 634(1)(a) the State may pursue litigation against such third party.
A lien is a legal right which may be exercised over property in satisfaction of a debt. Rohrbach v Germania Fire Ins. Co., 62 N.Y. 47
(1875). A lien is discharged upon payment or waiver of the debt it secures unless the lien is waived. For purposes of Ex L § 634, the debt is the amount of the State's award to the claimant; the statutory lien established by Ex L § 634(2) is extinguished when the debt is discharged (i.e., the amount of the State's award is recovered or the right to recover is waived) or the lien is waived.
Both the lien accorded by Ex L § 634(2) and the right of subrogation accorded by Ex L § 634(1) are extinguished when the debt, the amount of the State's award, is discharged by recovery or waiver.
Case law interpreting provisions of the Workers' Compensation Law (the "WCL") which are analogous to Ex L § 634(1) and (2) establishes that in determining whether waiver of lien operates as discharge of the underlying debt, the intentions of the parties govern, as demonstrated by the record of proceeding and relevant documents. Infra. Workers' Compensation Law § 29(1) creates a lien, for the benefit of the State Insurance Fund or other insurance carrier, to the extent of the total compensation provided or to be provided by such Fund or carrier to an employee pursuant to the WCL, upon proceeds of any recovery for the employee. The employee may compromise a cause of action against liable third parties upon the consent of the Fund or carrier. WCL § 29(5). To the extent the compensation provided or to be provided by the Fund or carrier exceeds the amount paid to the Fund or carrier as the result of the lien against the employee's recovery, the Fund or carrier is entitled to an offset against future compensation otherwise payable to the employee. WCL § 29(3).
There has been substantial litigation to establish whether an employee's compromise of a cause of action approved by the Fund or carrier and lien satisfactions by the Fund or carrier have extinguished the right to offset. In other words, have the terms of the compromise or satisfaction of a cause of action or lien also extinguished the underlying debt and, therefore, the right of the Fund or carrier to recover all amounts of compensation paid or payable to the employee? See, Hilton v TrussSystems, Inc., et al., 82 A.D.2d 711 (3d Dept 1981), affd, 56 N.Y.2d 877,rearg denied, 57 N.Y.2d 775 (1982); Wasserman v Charcoal Chief, et al.,66 A.D.2d 981 (3d Dept 1978); Robinette v Arnold Meyer Sign Company,43 A.D.2d 458 (3d Dept 1974). In these cases, the court has examined the language set forth in settlement documents, lien waivers, correspondence among the parties and their counsel, and other matters set forth in the record of proceeding to determine whether the parties intended a complete or partial waiver of lien or complete or partial discharge of the underlying right of the Fund or carrier to recoup, by offset, all compensation paid by the Fund or carrier to the employee. See also,Blumenberg Press v Mutual Mercantile Agency, 177 N.Y. 362 (1904). In sum, it is the intent of the parties as evidenced by the record of proceeding which governs. Robinetteincludes, and Hiltoncites, the court's apt admonition that to avoid an inference of waiver of the underlying rights, carriers should include in documents which compromise actions or liens a statement that the compromise does not waive rights to offset.Robinette, supra, at p 461; Hilton, supra, at p 712.
We conclude that compromise or settlement by the Board of the amount of lien which attaches to a recovery may or may not constitute a waiver of lien which attaches to a subsequent recovery or waiver of subrogation rights. The intent of the parties as evidenced by the record of proceedings governs.
Very truly yours,
DENNIS C. VACCO
Attorney General