■ In the Matter of the Claim of MARLYS WHITCOMB, Appellant, v XEROX CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [667 NYS2d 849] —Appeal

from a decision of the Workers' Compensation Board, filed January 24, 1997, which ruled that the self-insured employer's carrier had reserved the employer's right to a credit against claimant's future awards of workers' compensation benefits.

In July 1993, claimant suffered a compensable neck and back injury in an automobile accident occurring in the course of her employment with the self-insured employer. Claimant thereafter received workers' compensation benefits and initiated a third-party action against the parties she deemed to have been responsible for her injuries. Claimant settled the third-party action for $50,000, the statutory no-fault limit, with the written consent of the employer's carrier. In granting consent, however, the carrier indicated that it had no authority to agree to a lien waiver and that it would "seek reimbursement for any amounts paid in excess of the * * * $50,000, less attorney's fee".

By notice of decision filed October 28, 1996, the Workers' Compensation Law Judge classified claimant as permanently partially disabled and directed that the net recovery of $33,333.34 from the settlement of the third-party action be credited to the carrier against claimant's continuing workers' compensation award. Claimant appealed, arguing that the carrier had failed to preserve its right to offset her future compensation benefits against the net proceeds of her recovery. The Workers' Compensation Board rejected this argument and found that the carrier's written consent was adequate to preserve its right to future offset.

It has been held that "if a carrier or an employer wishes to preserve its offset rights, it is obliged to plainly and unambiguously so state" (*Matter of Angrisano v United Progress*, 114 AD2d 536, 537; *see, Hilton v Trust Sys.*, 82 AD2d 711, 712). Whether a carrier has expressly preserved its right to future offset is an issue for resolution by the Board, and its decision, if supported by substantial evidence, will not be disturbed (*see, Hilton v Trust Sys., supra; Matter of Robinette v Meyer Sign Co.*, 43 AD2d 458). In our view, the Board could reasonably have interpreted the carrier's written consent notifying claimant that it intended to seek reimbursement for amounts paid to her in excess of the $50,000 settlement as an express reservation of its right to a credit against future awards of compensation benefits. The written consent, therefore, provides substantial evidence to support the Board's decision, which we now affirm.

Cardona, P. J., Mercure, White, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.