■ In the Matter of the Claim of ALAN J. BRISSON, Respondent, v COUNTY OF ONONDAGA, Appellant, et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [786 NYS2d 220]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed November 18, 2002, which ruled that the employer is not entitled to any offset of workers' compensation benefits against the third-party settlement paid to claimant.

In 1998, claimant was struck by a vehicle while working and

was awarded workers' compensation benefits. In addition, claimant commenced a third-party action and received a $50,000 settlement. The employer, which is self-insured, gave its consent to the settlement but did not explicitly reserve the separate right to an offset against future benefits. Nevertheless, the employer subsequently suspended workers' compensation benefits to obtain such an offset. A Workers' Compensation Law Judge found that the employer waived its right to a future offset by failing to unambiguously reserve its right to such and the Workers' Compensation Board affirmed. The employer now appeals.

We affirm. Initially, we reject the employer's argument that, because it had no *existing* lien on the third-party recovery, it was not required to expressly preserve its separate and distinct *future* offset rights. When a carrier or self-insured employer waives an existing lien on a third-party recovery, any attempt to preserve its future offset rights must be "plainly and unambiguously [stated because d]oing so has the salutary effect of affording a claimant the opportunity to examine a proposed settlement from a proper perspective" (*Matter of Hilton v Truss Sys.,* 82 AD2d 711, 712 [1981], *affd* 56 NY2d 877 [1982]; *see Matter of Arena v Crown Asphalt Co.,* 292 AD2d 743, 745 [2002]). The employer in this case had no lien at the time claimant's action settled because claimant was injured in an automobile accident and the benefits paid up to that point were in lieu of first-party benefits payable under Insurance Law article 51 (Workers' Compensation Law § 29 [1-a], [4]). Thus, the employer cannot be said to have waived an existing lien. We discern no reason, however, to depart from the rule requiring preservation of the right to a future offset to be plainly and unambiguously set forth, even in the absence of an express waiver of an existing lien. Whether a lien exists at the time of the settlement or not, a carrier or self-insured employer and claimant are deemed to be involved "in . . . settlement negotiations, [and] ambiguities [will] be resolved against the carrier" (*Matter of Angrisano v United Progress,* 114 AD2d 536, 537 [1985], *lv denied* 67 NY2d 607 [1986]; *see Matter of Arena v Crown Asphalt Co., supra* at 745). If the carrier or self-insured employer were not required to unambiguously preserve their offset rights, a claimant would be unable to weigh the proposed settlement "against a potential loss of future compensation benefits"—a potential that remains just as real despite the absence of a lien (*Matter of Hilton v Truss Sys., supra* at 712).

The question of whether the employer adequately preserved its right to a future offset in a particular case is a factual issue

for the Board, and the Board's decision will be upheld if supported by substantial evidence (*see Matter of Whitcomb v Xerox Corp.*, 246 AD2d 947, 948 [1998]). Here, the employer's consent to the settlement makes no explicit reference to its right to a future offset. Indeed, claimant's attorney stated that he did not believe the employer had a lien or the right to a future offset on the recovery and the settlement would proceed on that "understanding" unless he was told otherwise. In response, the employer did not withdraw its consent to the settlement or explicitly assert its right to a future offset, stating instead that claimant's attorney was "not entirely correct" and that some situations existed where a carrier or employer could take credit against net proceeds. Given the employer's failure to expressly preserve its right to a future offset, we find substantial evidence in the record to support the Board's decision.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.