■ In the Matter of the Claim of EVELYN DALTON, Widow, Respondent, v. JOURNEYMEN, PLUMBERS & APPRENTICE STEAMFITTERS OF UNITED STATES AND CANADA et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal from a decision of the Workmen's Compensation Board awarding death benefits, appellants contending that decedent's death did not arise out of and in the course of his employment and that, in any event, the claim is barred by reason of claimant's compromise of her third-party action without the carrier's consent. Decedent, David Dalton, worked for appellant employer, a labor union, as its business agent. He was its sole employee and his work required him to maintain irregular hours and be on call 24 hours a day. Decedent frequently worked in the evening and when he left his home on December 19, 1958, he informed his wife he would be late getting home. At approximately 4:30 P.M. that same day he had a business meeting at Highland, New York. Thereafter, his whereabouts are unknown until he was killed in an automobile accident at 10:30 P.M. about 10 or 15 miles from Highland near West Park, New York. Claimant, decedent's widow, instituted suit against the other driver and owner. Inquiries were also made concerning compensation coverage. Appellant carrier repeatedly asserted that it carried no coverage for the employer. Although claimant's attorney had advised carrier that he had a purported copy of the policy, carrier again disclaimed compensation coverage through its claims manager as late as December 3, 1959. Then claimant settled the third-party action for $1,000 without the consent of the appellant carrier and signed a general release on December 31, 1959. Appellants contend (1) that the disclaimer in no way misled claimant's attorney as he had knowledge of coverage (but we find no indication that he knew, in the face of carrier's denials of coverage, that the policy supposedly issued remained in effect) and

that (2) decedent was not within the time and space limits of his employment. We believe that there is substantial evidence to support the findings of the board. There is abundant testimony to establish that decedent was an outside worker inasmuch as he worked irregular hours, worked in the evenings and was paid a fixed sum for expenses. Decedent's last-known activities were concerned with his job, the death car contained business papers and he was killed in close proximity to his last work area. There is no evidence whatsoever that he abandoned his employment. Therefore, the board was correct in applying the presumption that the claim was within the provisions of the law (Workmen's Compensation Law, § 21). The board was also warranted in finding that the carrier's objection to the settlement as made without its consent was not available to it. Appellant carrier disclaimed twice, through its agent and by a letter signed by its claims manager, at a time when compensation coverage was not required, but was voluntary, for a single employee. This is a question of fact which was decided by the board in favor of claimant and has adequate support in the record. We cannot say that as a matter of law the findings of the board are in error. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor and Hamm, JJ., concur.