■ In the Matter of the Claim of DANIEL GARCIA, Respondent, v. GALLO ORIGINAL IRON WORKS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal from a decision of the Workmen's Compensation Board, filed March 7, 1969. On April 11, 1967 claimant felt a sharp pain in his back while attempting to lift a sofa that had become stuck under the handle of a flat truck. The pain went away and claimant was able to continue work for the remainder of the day. The pain, however, returned during the night and began to radiate down both legs. He received treatment

for the pain by employer's physician for the next two weeks. On April 24, 1967 he was hospitalized when he became paralyzed in both legs. It was discovered that claimant had a spinal tumor, which was removed, and his condition was pathologically diagnosed as schistosomiasis, a parasitic infestation of the spinal cord which caused inflamation of the spinal tissue leading to paraplegia. It is undisputed that claimant was totally disabled during the period of the award. The board found that claimant on April 11, 1967 injured his back while moving furniture and that this accidental back injury caused aggravation of the pre-existing condition. The only issue raised by appellant on this appeal is whether there was substantial medical evidence to support the board's finding. We find that there was. It is, of course, well established that disability is compensable when it originates in a work-connected trauma which aggravates or precipitates the symptoms of a pre-existing condition, whether or not of industrial origin (see, e.g., *Matter of Ellis* v. *Armour & Co.*, 31 A D 2d 690). One of claimant's experts, Dr. Rosner, who saw claimant in May, 1967 submitted reports stating that the schistosomiasis of the spinal cord was aggravated by the back injury and also referred to the lifting incident as the precipitant cause of the injury. In his testimony at the hearing, Dr. Rosner explained his opinion as to aggravation. He noted that upon lifting heavy objects there is an increase in spinal pressure which in the normal individual is tolerable. He concluded that the diseased spinal cord of the claimant was probably not able to resist this pressure and this led to the subsequent events. While the doctor admitted this explanation was an hypothesis, his testimony, read as a whole, is sufficiently definite to support an award (cf. *Matter of De Nucci* v. *Navajo Frgt. Lines*, 31 A D 2d 868). While the claimant's other expert, Dr. Springer, was initially mistaken as to the facts, upon reviewing the records, he also was able to state that the lifting incident was an aggravation of the pre-existing infestation and offered an explanation as to how this could have occurred. No more than the usual conflict of medical opinion was presented and the issue of fact was thus for the board to decide (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529). Decision affirmed, with costs to the Workmen's Compensaton Board. Herlihy, P. J., Reynolds, Aulisi, Staley, Jr., and Greenblott, JJ., concur in memorandum by Aulisi, J.