■ In the Matter of the Claim of Michael Nasta, Appellant, v Dic Concrete Corp. et al., Respondents. Workmen's Compensation Board, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed November 29, 1974. The board held that the third-party action arising out of claimant's accident was settled without the consent of the Workmen's Compensation carrier. The board based its decision on its findings that the question of implied consent is not applicable under the

facts here; that claimant's attorney in the third-party negligence action stipulated to the fact that he knew that the compensation carrier was not consenting to the settlement of the third-party action; and that there was no written approval furnished by the compensation carrier of that settlement. Claimant contends that where, as here, the compensation carrier is the same company as the liability carrier of the third party, and has actively participated in the settlement negotiations of the negligence action to its advantage by recovering its lien for compensation, the requirement of subdivision 5 of section 29 of the Workmen's Compensation Law for written approval of the settlement is waived, and the consent of the compensation carrier is implied. The question of whether the consent of the compensation carrier to the settlement may be implied from its acts and conduct is necessarily a factual one, and is for the board to determine. If supported by substantial evidence, we may not disturb that determination. The same firm of attorneys that represented the claimant in the compensation case also represented him as plaintiff in the negligence action. The transcript of the proceedings in the Supreme Court discloses that an agreement was arrived at by all the parties whereby claimant's negligence action was settled for a stated amount, subject to the compensation lien outstanding, and with the understanding that the compensation carrier did not consent to the settlement. The attorneys for the respective parties entered into a stipulation on the record to that effect. The claimant himself also testified that he understood the terms of the settlement as stipulated by his attorney and that he agreed with the terms and conditions of the settlement of his action. It is clear, therefore, that the board's determination that claimant's third-party action was settled without the consent of the compensation carrier is founded upon substantial evidence. Decision affirmed, without costs. Koreman, P. J., Sweeney, Kane, Main and Herlihy, JJ., concur.