■ In the Matter of the Claim of FRANK ILLAQUA, Respondent, v BARR-LLEWELLYN BUICK CO., INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal by the employer and its carrier from a decision of the Workers' Compensation Board, filed January 25, 1980, which held that the carrier was estopped from denying further liability pursuant to section 29 of the Workers' Compensation Law. Claimant sustained work-related injuries in 1970 for which he received partial compensation. The compensation case was closed in 1973 pending outcome of a third-party action commenced by claimant against Black Hawk Manufacturing Company which, in turn, cross-claimed against the employer as a third-party defendant. In 1976, claimant's action was dismissed on motion of Black Hawk and the employer for failure to prosecute. Thereafter, the compensation case was reopened and restored to the Referee's Calendar to determine causally related disability. Unigard Insurance Company insured the employer for both workers' compensation and public liability coverage in a single comprehensive policy. At issue is whether discontinuance of the third-party action was without prior written approval as provided in subdivision 5 of section 29 of the Workers' Compensation Law. The board decision, from which this appeal is taken, recites: "Upon review of the record the Board finds that [Unigard] was the worker's compensation insurance carrier and the liability carrier for the employer herein. Carrier had implied knowledge of the discontinuance of the third party action and is now estopped by its acts and conduct from asserting the benefits of the statute." This finding is buttressed by the fact that the Unigard attorney personally appeared in both compensation hearings and the third-party action wherein he joined in the motion to dismiss. Thus, dismissal of the action was brought about (at least in part) by Unigard's own actions. Contrary to the carrier's argument as to where its greater duty lay, the fundamental principle of the compensation law is to protect the worker, not the employer (Matter of Heitz v Ruppert, 218 NY 148; Matter of Lorer v Gotham Concrete & Cement Finish Corp., 8 AD2d 221), and the law should be construed liberally in favor of the employee (Matter of Wolfe v Sibley, Lindsay & Curr Co., 36 NY2d 505, 508). Consent to a settlement is a factual question to be decided by the board (Matter of Nasta v Dic Concrete Corp., 54 AD2d 1004). The board's decision is supported by substantial evidence and must, therefore, be affirmed (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.