OPINION OF THE COURT
Sidney H. Asch, J.
Plaintiff, United States Fidelity and Guaranty Company, moves for an order granting summary judgment in its favor, directly against the third-party defendants pursuant to section 29 of the Workers’ Compensation Law.
Plaintiff commenced this action to satisfy its workers’ compensation lien representing payments to third-party defendant Joseph Walsh, by suing defendants 38 East 29 Street, Inc., and Omnia Properties, Inc. Defendant 38 East 29 Street, Inc., commenced a third-party action against Joseph Walsh and Fuchsberg and Fuchsberg. Plaintiff then asserted a cause of action directly against third-party defendants.
Previously Mr. Walsh had commenced an action for personal injuries against defendant 38 East 29 Street, Inc. *673 Mr. Walsh was represented by Fuchsberg and Fuchsberg. The action was settled on January 18, 1980 for $85,000.
Plaintiff, prior to that settlement, had paid the sum of $16,567.14 to Mr. Walsh in workers’ compensation and medical benefits. Subdivision 1 of section 29 of the Workers’ Compensation Law provides that the carrier shall be reimbursed for the amount of its lien after the deduction of the reasonable and necessary expenditures incurred, including attorneys’ fees, in effecting such recovery. The section further provides that the employee may apply to a court of competent jurisdiction to equitably apportion such expenditures and attorneys’ fees incurred in effecting the recovery between the employee and the lienor.
Plaintiff asserts that it, therefore, is entitled to receive the amount of its lien, $16,567.14, plus interest from February, 1980, minus any amount that the court deems is its equitable share of the expenditures and attorneys’ fees incurred in effecting the recovery by Mr. Walsh in his personal injury action.
Third-party defendants assert that the plaintiff compensation carrier’s total benefit, flowing from Mr. Walsh’s successful prosecution of the underlying action, includes not only the reimbursement of compensation benefits already paid, but also relief from future compensation liability. Defendants reason that had claimant not pursued a third-party claim, he might have continued to receive compensation benefits in the future and that the plaintiff has therefore benefited by being released from obligation in the future or deficiency compensation to the claimant.
The Second Department, in Castleberry v Hudson Val. Asphalt Corp. (70 AD2d 228) has held that where the employees’ recovery is significantly in excess of the workers’ compensation carrier’s lien and the employee’s attorneys’ lien, the carrier’s benefit pursuant to statute is the amount of its lien, without reference to any future payments it may be relieved of by the employee’s recovery.
However, Justice Shapiro, in a dissenting opinion in that case, reasoned to the contrary, namely, that the carrier’s expenses should be based on a combination of both the lien and the remainder of the compensation award it is *674 saved from paying. (Accord O’Connor v Lee Hy Paving Corp., 480 F Supp 716; Cox v Belmont Iron Works, 104 Misc 2d 801.)
This court respectfully disagrees with the majority decision in Castleberry (supra) and elects to follow the conclusion reached in the dissent.
The plain language of the statute does not restrict the lien or the amounts from which expenses or attorneys’ fees are to be deducted solely to amounts already paid to the claimant. Instead, subdivision 1 of section 29 of the Workers’ Compensation Law expressly states the carrier “shall have a lien on the proceeds of any recovery *** after the deduction of the reasonable and necessary expenditures, including attorney’s fees, incurred in effecting such recovery, to the extent of the total amount of compensation awarded under or provided or estimated” (emphasis added).
As Justice Shapiro concluded in Castleberry (supra, pp 249-250): “[t]he cases * * * generally give the following reasons in support of their conclusions that the compensation carrier should pay attorney’s fees not only on its present lien but also on the future liability of which it has been relieved: (1) if the insurer need pay fees only on the lien, it has an incentive to delay the payment of compensation to the employee; public policy should not encourage delay in compensation payments; (2) if the insurer need only pay fees on the lien, the injured employee has an incentive (a) to unnecessarily prolong his lawsuit against the third party, thus accumulating more compensation payments, and (b) to petition the Workers’ Compensation Board for commutation of the periodical payments into a lump-sum payment pursuant to section 25 (subd 5, par [b]), prior to settlement or judgment in the third-party action; and (3) workers’ compensation laws are remedial legislation, and therefore, borderline interpretations of the law should be resolved in favor of those whom the legislation was intended to benefit.”
In a law review analysis of the Castleberry decision: “it is suggested that the majority reached a result inconsistent with the policy of encouraging employees to pursue their claims against third party tortfeasors. Since the potential *675 for an earlier realization of his benefits operates as an inducement to the employee to seek such a recovery, an incentive enhanced by the recent amendment to Section 29(1), it appears incongruous to reject an apportionment which depletes the employee’s share of the judgment but then allows him to recoup the costs assessed against him in the form of periodic future payments from the carrier. It is submitted, therefore, that where the third party recovery does not exceed the sum of the lien and the carrier’s future obligation, the objectives of the WCL could best be met if future courts, in equitably apportioning the litigation expenses, strive to maximize the residuum of the judgment.” (Survey of New York Practice, 54 St John’s L Rev 580, 646-647.)
In short, the public policy which underlies the Workers’ Compensation Law seems to point to the preferable answer.
The papers submitted herein do not give a basis for a determination of the number and present value of the future compensation payments, if any, which plaintiff is no longer obligated to pay to claimant as a result of the third-party recovery.
This issue is hereby referred to Trial Term, Part 10, New York County, for assignment, to hear and report (with recommendations). Pending receipt of the report, final determination of this motion is held in abeyance.