■ In the Matter of the Claim of EDWARD MOORE, Respondent, v METROPOLITAN SUBURBAN BUS AUTHORITY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeals from a decision of the Workers' Compensation Board, filed March 31, 1981, as amended July 1, 1981 and February 9, 1982. The sole issue upon appeal is whether the board's finding that the carrier's conduct estopped it from raising lack of consent to settlement of claimant's third-party action as a defense to future awards of compensation, is supported by substantial evidence. In this regard, a review of the record reveals that claimant's attorney made several attempts to obtain the carrier's consent, and after twice being told by the carrier's representative that such consent was unnecessary in this case, settled claimant's third-party action. With these circumstances prevailing, the board properly found that the carrier's denials of the necessity for its consent estopped it from asserting the lack of such consent as a defense to a claim for further awards of compensation (*Matter of Dalton v Journeymen, Plumbers & Apprentice Steamfitters of U. S. & Can.,* 22 AD2d 745). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.

■ In the Matter of MADALYN LENT, Respondent, v BETHESDA HOSPITAL et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed July 15, 1981. Claimant, a nurse's aide, suffered a compensable back injury as a result of a fall on May 31, 1976. Awards of compensation were made at various rates over an extended period of time pending a final determination of the extent and degree of disability. Because of medical evidence of a pre-existing congenital back problem, asymptomatic until the date of the accident but a recognized contributing cause of the existing disability, the employer and its insurance carrier have appealed the board's determination that claimant is totally industrially disabled as a result of the accident of May 31, 1976. They argue that although claimant is restricted from heavy work, she can perform light work, and thus is not totally disabled. Essentially what is presented is a question of whether there is substantial evidence to support the finding of the board. While two separate panels came to two different conclusions, we are unable to say the determination appealed from is not supported by substantial evidence (*Matter of Lopez v New York City Housing Auth.,* 71 AD2d 750). The testimony of the medical experts for claimant and the carrier can be read to conclude that this claimant is totally disabled as a result of the injury superimposed upon the underlying congenital condition. As such, the board's decision must be affirmed (*Matter of House v International Talc Co.,* 51 AD2d 832, mot for lv to app den 39 NY2d 708; *Matter of Garcia v Gallo Original Iron Works,* 34 AD2d 1077). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.