■ In the Matter of the Claim of LYLE BURTON, Appellant, v ITT CONTINENTAL BAKING COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed August 20, 1981. The sole issue on this appeal is whether the board's decision that claimant settled his third-party action without the consent of the compensation carrier, thereby forfeiting further benefits, is supported by substantial evidence. The facts are as follows. On September 28, 1975, claimant, a tractor trailer driver for ITT Continental Baking Company, was injured in the course of his employment as a result of a motor vehicle accident. Claimant commenced a third-party action against the operator of the other motor vehicle involved in the accident. The employer's compensation carrier, Liberty Mutual Insurance Company, filed a notice of compensation lien with Traveler's Insurance Company, the third party's automobile liability carrier. After a hearing on February 16, 1977, an award was made for periods of total and partial disability from the date of the accident to the date of the hearing. While the question of degree of continuing causally related disability was being considered by the board pursuant to an order of restoration for that purpose, claimant settled his third-party action on October 4, 1977. During the hearings the employer's compensation carrier learned that the third-party action had been settled. Accordingly, when the hearing officer, in a decision dated April 19, 1978, closed the case affirming prior awards and made an award from October 19, 1977 to April 5, 1978, the compensation carrier appealed to the board on the ground that claimant was not entitled to further compensation payments because he had settled the third-party action without the requisite consent. The board rescinded the hearing officer's decision dated April 19, 1978 and restored the matter to the Trial Calendar for further development of the record. After hearing arguments the hearing officer rendered a decision dated March 4, 1980 holding that the compensation carrier had no valid lien against the third-party settlement. The board reversed the hearing officer's decision and found that claimant had settled his third-party action without the compensation carrier's consent and was, therefore, not entitled to further awards. This appeal by claimant ensued. Since it is undisputed that the compensation carrier filed its lien with the third party's liability insurer and, further, never gave written approval to the settlement as required by subdivision 5 of section 21 of the Workers' Compensation Law, the lien provided by subdivision 1 of section 29 is inviolate (*Matter of Granger v Urda,* 44 NY2d 91). However, the inviolability of the lien given to a compensation carrier against any recovery by a claimant in a third-party action (Workers' Compensation Law, § 29, subd 1) may be waived where the lien carrier had actual or implied knowledge of a settlement of such third-party action. If such be the case, the carrier is estopped from asserting the benefits of the statute (see *Matter of Illaqua v Barr-Llewellyn Buick Co.,* 81 AD2d 708).

Here, Liberty Mutual, the compensation carrier, was also the liability insurer for claimant and appeared for him in a personal injury action brought against claimant by the operator of the other vehicle involved in the accident. This action was dismissed, after trial, in January of 1978. It is claimant's position, citing to *Illaqua* (*supra*), that where, as here, a compensation carrier is also the liability carrier for a claimant in a third-party action, the requirement of subdivision 5 of section 21 of the Workers' Compensation Law is waived and the consent of the carrier is implied. Since the factual pattern herein is distinguishable from that in *Illaqua,* we cannot agree. In *Illaqua,* the board found the same insurance company was the compensation and liability carrier for the employer and, further, that the insurance company's attorney personally appeared in both the compensation hearings and the third-party action. Here, there was no such dual representation of claimant by Liberty Mutual or its attorneys. While it is true that the action against claimant was still pending when claimant's third-party action was settled in October of 1977, there is nothing in the record other than claimant's allegations, denied by Liberty Mutual, that the compensation carrier was familiar with or had any knowledge of the negotiations that resulted in the settlement of claimant's third-party action. Since the question of whether the consent of a compensation carrier to a settlement of a third-party action may be implied from its acts and conduct is necessarily a factual one, it is for the board to decide (*Matter of Nasta v Dic Concrete Corp.,* 54 AD2d 1004). Where, as here, that decision is supported by substantial evidence, we will not interfere. Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.