■ DONALD SMITH, Respondent, v GERALD SPINOCCIA et al., Defendants, and MOBIL OIL CORPORATION, Appellant.—In an action to recover damages for personal injuries, the Mobil Oil Corporation appeals (1) from so much of an order of the Supreme Court, Nassau County (Kelly, J.), entered July 12, 1984, as, without opposition, extinguished its workers' compensation lien upon the proceeds of a proposed settlement of the matter and directed it to pay the plaintiff's attorney's fees in the sum of $25,317.57, and (2) from an order of the same court, dated October 22, 1984, which denied its motion pursuant to CPLR 5015 to vacate and set aside the aforenoted provisions of the order entered July 12, 1984.

Appeal from the order entered July 12, 1984 dismissed, without costs or disbursements. No appeal lies from an order made on the default of the appellant.

Order dated October 22, 1984 modified, on the law, by deleting the provision thereof which denied the appellant's motion, *inter alia,* to vacate stated portions of the order entered July 12, 1984 in its entirety and substituting therefor a provision granting that motion to the extent of vacating the fourth, fifth and sixth decretal paragraphs of the order entered July 12, 1984, and substituting therefor provisions that (1) from the settlement fund the sum of $30,503.10 should be deducted and paid to the plaintiff's attorneys as and for his litigation expenses, i.e., his attorney's fees and disbursements, (2) from the net settlement fund the sum of $5,280.22 shall be deducted and paid by the plaintiff's attorneys to the appellant, and (3) the remainder of the net settlement fund shall then be disbursed to the plaintiff, and denying said motion in all other

respects. As so modified, order dated October 22, 1984 affirmed, insofar as appealed from, without costs or disbursements.

The plaintiff sustained permanent injuries when he slipped and fell at premises owned and operated by the defendants. Because the injury occurred during the course of his employment with Mobil Oil Corporation (hereinafter Mobil), which is self-insured, the plaintiff applied for and was awarded workers' compensation benefits in the sum of $80 per week. The plaintiff commenced the instant action against the defendants to recover damages for his injuries and he received a settlement offer of $90,000. After unsuccessful attempts to gain Mobil's consent to this settlement, the plaintiff moved pursuant to Workers' Compensation Law § 29 (5) for an order settling the action and pursuant to Workers' Compensation Law § 29 (1) for an order equitably apportioning reasonable and necessary litigation expenses. The litigation expenses, uncontested by Mobil on this appeal, were calculated to be $30,503.10. Special Term granted the application for leave to settle the action for the sum of $90,000, extinguished Mobil's workers' compensation lien in its entirety, and ordered Mobil to pay the plaintiff's attorney $25,317.57, representing its equitable share of the litigation costs, the remaining $5,185.53 in litigation costs to be paid by the plaintiff from the settlement proceeds. Mobil's motion to vacate its default in opposing the motion which resulted in that order was denied by Special Term.

Under Workers' Compensation Law § 29 (1), when an employee commences an action against a third party to recover damages for a job-related injury, the compensation carrier has a lien on the proceeds of the action, after reasonable litigation costs are deducted therefrom, to the extent of compensation previously paid to the employee. The court shall equitably apportion the litigation costs between the employee and the carrier to the extent that each was benefited by the recovery (Workers' Compensation Law § 29 [1]). The carrier remains responsible only for the deficiency, if any, between the amount of recovery actually collected by the employee and the amount of compensation that was awarded the employee (Workers' Compensation Law § 29 [4]). The power to determine the equitable apportionment of litigation expenses given the court under Workers' Compensation Law § 29 (1) is discretionary (Becker v Huss Co., 43 NY2d 527, 544), and the exercise thereof will not be disturbed on appeal absent a showing of abuse. Such an abuse of discretion has been shown at bar.

This is a so-called deficiency case, i.e., the amount of recovery actually collected by the plaintiff is less than the amount of compensation owed to him by Mobil pursuant to a compensation award. As such, Mobil has been benefited by the entire amount of recovery, and thus should bear the entire litigation expense *(see, Matter of Kelly v State Ins. Fund,* 60 NY2d 131). This is not contested by Mobil on appeal. However, it does take issue with the way in which Special Term apportioned the litigation expenses. In determining the total benefit of the recovery to Mobil, Special Term lost sight of the fact that this is a deficiency case, and reasoned that Mobil would be benefited by the amount of its lien plus the present value of the entire estimated amount of future payments for which it is responsible. Clearly Mobil will not be benefited by this entire amount, since it remains responsible for the deficiency between the portion of the proposed settlement to be collected by the employee and the compensation owed by it under the Workers' Compensation Law *(see,* Workers' Compensation Law § 29 [4]).

At the same time, this court rejects the method of equitable apportionment urged by Mobil on appeal. Under its method of apportionment, Mobil would presently be responsible for roughly 39.76% of the litigation expenses, or $12,128.03, on the basis that its present benefit, the amount of the lien, is approximately 39.76% of the total settlement. On appeal the parties agree that Mobil's compensation lien has increased to the amount of $35,783.32. In turn, Mobil argues that the plaintiff should bear roughly 60.24% of the litigation expenses, or $18,375.07, because he is presently benefited by the total amount of recovery less the compensation lien. However, Mobil would ultimately bear the total burden of the litigation costs, because the future payments it is responsible to make to the plaintiff would only be credited with the amount actually collected by the latter, which would be calculated as follows:

| | |
|---|---|
| Total settlement | $90,000.00 |
| less | |
| Total litigation costs | $30,503.10 |
| less | |
| Remaining Compensation lien | $23,655.29 |
| ($35,783.32 − $12,128.03) | |
| which equals | |
| Amount actually collected | $35,841.61 |
| by the employee. | |

Thus, under Mobil's approach, although it would ultimately

bear the entire burden of litigation costs, the plaintiff would receive less immediate benefits, and he will be credited in the future with the portion of the litigation costs not immediately paid by Mobil.

The better approach would be what has been labeled the "total benefit theory" *(see, Matter of Kelly v State Ins. Fund,* 60 NY2d 131, 132, *supra; United States Fid. & Guar. Co. v 38 E. 29 St.,* 111 Misc 2d 672, *affd* 88 AD2d 1116, *affd* 60 NY2d 799). Under this theory the carrier is immediately responsible for its equitable portion of litigation costs, which in a deficiency case would be 100%. Thus the employee would not have to pay any portion of the litigation costs, and the amount actually collected by the employee would be the total amount of the recovery less litigation costs and less the remainder of the carrier's lien, if any. At bar the figures would be as follows:

| | |
|---|---|
| Total settlement | $90,000.00 |
| less | |
| Total litigation costs | $30,503.10 |
| less | |
| Remaining Compensation lien | $ 5,280.22 |
| ($35,783.32 − $30,503.10) | |
| which equals | |
| Amount actually collected | $54,216.68 |
| by the employee. | |

There would be no double recovery on the employee's part, since the future payments due under the workers' compensation award would be credited by the full amount actually collected by the employee (Workers' Compensation Law § 29 [4]). Not only does this approach provide the greatest present benefit to the employee, thus advancing the fundamental principle of compensation law, which is to protect the worker *(see, Matter of Illaqua v Barr-Llewellyn Buick Co.,* 81 AD2d 708), it also encourages the injured worker to quickly pursue his claim, if any, against third-party tort-feasors *(see, Matter of Di Meglio v Hartford Ins. Co.,* 116 Misc 2d 191), and provides no incentive to the carrier to withhold compensation payments and thereby reduce its lien and, in turn, the amount of litigation expenses for which it would be presently accountable *(see, Matter of Van Deusen v United States Fid. & Guar. Co.,* 81 AD2d 1026).

In light of the foregoing, $30,503.10 of Mobil's compensation lien is hereby extinguished, and the total litigation costs will be paid from the settlement fund, as will Mobil's remaining

compensation lien. Mobil remains responsible for the deficiency between the amount actually collected by the plaintiff ($54,216.68) and the compensation provided by the workers' compensation award. Thompson, J. P., Bracken, Weinstein and Kunzeman, JJ., concur.