■ In the Matter of the Claim of MICHAEL DALY, Appellant, v MICHAEL DALY CONSTRUCTION CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Yesawich, Jr., J. Appeal from a decision of the Workers' Compensation Board, filed November 3, 1986, which ruled that claimant's failure to seek the consent of his employer's workers' compensation carrier to settlement of a third-party action barred further awards.

Claimant sustained serious injuries in a 1977 two-car collision that occurred in Pennsylvania. In January 1978, he filed for workers' compensation benefits in New York. The employer's workers' compensation carrier controverted the claim, contending that there was no employer/employee relationship and that the accident did not arise out of the course of employment. Before that dispute was resolved, however, claimant settled his third-party action in the Pennsylvania Federal District Court in August 1979 for $50,000, the extent of the other driver's liability insurance coverage; although the injuries are said to have been such as to warrant a more substantial recovery, the settlement was accepted because the defendant in the third-party suit had no other assets available. In connection with the settlement, claimant compromised a Suffolk County medical expense lien, exceeding $100,000, for $18,175. Claimant neglected to notify the carrier that he was instituting a third-party action, as required by Workers' Compensation Law § 29 (1), and failed to obtain the carrier's consent to the settlement, as required by Workers' Compensation Law § 29 (5).

On November 26, 1980, the Workers' Compensation Board determined that claimant was entitled to receive compensation benefits, which the carrier began paying. The carrier did not receive notice of the third-party action until July 15, 1981, when claimant ostensibly represented that the matter had been resolved by a jury verdict. Due to claimant's delay in complying with the Board's request for a third-party closing statement, the carrier did not learn of the settlement until January 1984. The following month compensation payments were discontinued; at this point the carrier's payments for lost time alone had reached $41,125. In June of that year claimant moved for a nunc pro tunc consent order in Supreme Court, New York County, but that motion was dismissed for lack of jurisdiction. An appeal from that order has not been perfected. Following a December 1985 hearing, a Workers' Compensation Law Judge ordered resumption of compensation payments and directed the carrier to take a credit for the amount of claimant's net recovery ($15,159) in the third-party action, on the ground that the carrier's consent to the settlement could be implied from the fact that $50,000 was all that could have been obtained in that suit. The carrier appealed to the Board, which reversed the Workers' Compensation Law Judge's decision. Claimant now appeals. We affirm.

Failure to obtain the consent of the compensation carrier to the settlement of a third-party action or a compromise order from the court in which the action is pending bars further payments of compensation *(see,* Workers' Compensation Law § 29 [5]; *Matter of Burton v ITT Continental Baking Co.,* 93 AD2d 921). This rule protects carriers from their claimants' imprudent settlements and ensures the priority of a carrier's compensation lien *(see, Matter of Meachem v New York Cent. R. R. Co.,* 8 NY2d 293, 297; *see also,* Workers' Compensation Law § 29 [1]). A carrier is not required to forfeit this protection in order to contest the legitimacy of a claimant's application for benefits.

The cases of *Matter of Dalton v Journeymen, Plumbers & Apprentice Steamfitters* (22 AD2d 745) and *Matter of Moore v Metropolitan Suburban Bus Auth.* (91 AD2d 768) are not to the contrary, for they stand for the proposition that a compensation carrier is estopped from relying on the consent rule if prior to or at the time of settlement it denies being the carrier or asserts that its consent is unnecessary. In the instant case, claimant incorrectly argues that the carrier's challenge to a claim based on employer/employee relationship or course of employment should similarly estop it from participation in a

third-party settlement. Furthermore, claimant has offered no convincing reason why the carrier was not informed of the third-party action nor offered the opportunity to participate in the settlement, or why an approval of the settlement pursuant to Workers' Compensation Law § 29 (5) could not have been obtained from the United States District Court in Pennsylvania.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.