■ In the Matter of the Claim of STANLEY DURHAM, Appellant, v BARKER CHEMICAL CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J. Appeal from a decision of the Workers' Compensation Board, filed September 21, 1987.

The sole issue before us is whether claimant settled his third-party action without the consent of the workers' compensation insurance carrier, thereby precluding his right to further compensation benefits (see, Workers' Compensation Law § 29 [5]). There is no question that claimant, a traveling

salesman, sustained compensable injuries in a February 1979 automobile accident. Claimant thereafter commenced an action against the operator and owner of the other vehicle involved in the accident. By letter dated March 1, 1982, a copy of which was not produced, the carrier ostensibly represented that no lien existed against any proceeds recoverable in this action. At a February 3, 1983 pretrial conference, claimant settled the third-party action and signed a release the next day. By letter dated February 17, 1983, claimant's attorney advised the carrier's claims examiner that the action "has been settled for $28,000.00" and that the proceeds would be distributed on February 21, 1983 "unless I hear from you before then". The record confirms that the carrier did not receive this letter until February 22, 1983. That same day, the claims examiner responded in writing as follows: "No recovery was anticipated on comp paid, note my 3-1-82 letter to you. Thanks for bringing the distribution to our attention anyhow." The claims examiner explained that at this juncture he felt the action was settled and the funds distributed. He further testified that at no point did claimant's attorney request a settlement consent, nor was any such authorization given. On the basis of the foregoing, with particular emphasis on the claims examiner's testimony, the Workers' Compensation Board determined that claimant settled his action without the carrier's consent. The Board further rejected claimant's estoppel theory, finding that the carrier timely raised the consent issue with the filing of a medical bill in September 1983. Claimant now appeals.

We affirm. Whether the settlement was procured with the carrier's consent is a factual question for Board resolution (see, Matter of Burton v ITT Cont. Baking Co., 93 AD2d 921, 922). The Board could readily reject claimant's contention that the carrier consented to the settlement through the claims examiner's correspondence. As the previously described scenario indicates the case was effectively settled prior to the claims examiner's receipt of written notice from claimant's attorney. Consequently, the examiner's responding letter can hardly be relied on as authorization for the settlement. The Board could further discount the missing March 1, 1982 letter for there was no indication that this correspondence pertained to the consent issue. Even accepting claimant's assertion that the claims examiner indicated no lien existed against the action in March 1982 (see, Workers' Compensation Law § 29 [1-a] [compensation carrier has no lien for compensation and/ or medical benefits paid in lieu of first-party benefits]), such

representation did not obviate the necessity of procuring the carrier's consent prior to settlement almost one year later. Given this temporal gap, we do not view the March 1, 1982 letter as a complete waiver of the carrier's interests (cf., Matter of Hilton v Truss Sys., 82 AD2d 711, 712, affd 56 NY2d 877). Finally, in view of the accomplished settlement, the carrier's September 1983 disclaimer did not give rise to an estoppel (see, Matter of Burton v ITT Cont. Baking Co., supra, at 921-922; cf., Matter of Illaqua v Barr-Llewellyn Buick Co., 81 AD2d 708).

Decision affirmed, without costs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.