■ In the Matter of the Claim of WILLIAM R. PARMELEE, Appellant, v INTERNATIONAL PAPER COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed July 21, 1988.

Claimant appeals from a decision of the Workers' Compensation Board holding that he settled his third-party negligence action without the consent of the self-insured employer, International Paper Company, and that he is, accordingly, precluded from receiving further compensation benefits *(see,* Workers' Compensation Law § 29 [5]; *Matter of Daly v Daly Constr. Corp.,* 136 AD2d 798, 799, *lv denied* 72 NY2d 807).

We affirm. Initially, the fact that claimant's third-party settlement purported to be for pain and suffering only is irrelevant given that the lien of Workers' Compensation Law § 29 (1) attaches to *"any recovery* by a compensation claimant in a third-party action" *(Matter of Granger v Urda,* 44 NY2d 91, 96 [emphasis in original]; *see, Matter of Simmons v St. Lawrence County CDP,* 147 AD2d 323, 325). Moreover, whether the settlement was procured with the consent of the self-insured employer is a factual question for the Board's resolution *(see, Matter of Durham v Barker Chem. Corp.,* 151 AD2d 887; *Matter of Burton v ITT Cont. Baking Co.,* 93 AD2d 921, 922). Here, the attorney who represented claimant in the third-party action conceded that the employer did not consent to the settlement, thus providing a more than adequate evidentiary foundation for the Board's determination. Nor did the employer's representation that it had no present lien estop it from asserting the right to an offset against future benefits. Significantly, the employer made no concession to induce, and appears in fact to have had no knowledge of, the settlement *(see, Matter of Miller v Arrow Carriers Corp.,* 130 AD2d 279, 281; *cf., Matter of Hilton v Truss Sys.,* 82 AD2d 711, *affd* 56 NY2d 877).

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.