■ In the Matter of EDWARD URIG, Appellant, v CIGNA PROPERTY AND CASUALTY COMPANIES, Respondent. [619 NYS2d 311]—In a proceeding pursuant to Workers' Compensation Law § 29 (5) for an order approving the settlement of an action nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated April 16, 1993, which denied the application and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

We agree with the Supreme Court that the instant proceeding is barred by the previous dismissal with prejudice of an identical application by the petitioner in the United States District Court (see, *Schuylkill Fuel Corp. v Nieberg Realty Corp.*, 250 NY 304). Contrary to the petitioner's contention, the previous dismissal operated as an adjudication on the merits (see, Fed Rules Civ Pro, rule 41 [b]).

Furthermore, we note that the Supreme Court was an improper forum for the commencement of this proceeding. Pursuant to Workers' Compensation Law § 29 (5), the order approving the settlement is to be sought in the court where the underlying action was pending. Inasmuch as the petitioner

elected to bring the underlying action in the Federal court, he was bound to seek approval of the settlement of that action in the same forum. Moreover, the petitioner was subject to the rules, procedures, and potential remedies applicable in the Federal courts and could not resort to the commencement of a second, identical proceeding in the Supreme Court in the hope of obtaining a more favorable result from a different forum.

In any event, were we to reach the merits of the petitioner's contentions, we would find them to be unavailing *(see, Matter of Johnson v Buffalo & Erie County Private Indus. Council,* 84 NY2d 13; *see also, Matter of Parmelee v International Paper Co.,* 157 AD2d 878; *Matter of Durham v Barker Chem. Corp.,* 151 AD2d 887).* Sullivan, J. P., Rosenblatt, Pizzuto and Altman, JJ., concur.