OPINION OF THE COURT
David Demarest, J.
In this action, the plaintiffs sought damages against the *614 defendants for injuries sustained when plaintiff Joey Williams fell while making deliveries to premises owned by the defendant Zeh and leased by the defendant Munna, Inc. Plaintiffs have entered into an agreement to settle this action for a total of $95,000. By order to show cause dated February 2, 2001, plaintiffs seek an order of this court vacating and nullifying any lien of the New York State Insurance Fund (Fund) against the proceeds of settlement. The Fund paid workers’ compensation benefits to Mr. Williams as a result of his work-related injury, and claims a statutory lien pursuant to section 29 of the Workers’ Compensation Law.
The novel question presented is whether this lump-sum settlement between the Fund and Mr. Williams, pursuant to section 32 of the Workers’ Compensation Law, extinguishes the lien.
Prior to the enactment of section 32, a claimant could not agree with a compensation carrier to a lump-sum settlement of future benefits. The 1996 amendment (L 1996, ch 635) permitted such settlements but makes no specific mention of the effect of a settlement upon an outstanding claim for lien against third-party recoveries.
Mr. Williams was receiving wage-replacement benefits and had been paid medical payments of $26,462. Pursuant to an agreement which was negotiated and drafted by his workers’ compensation licensed claim representative, Mr. Williams relinquished any future claim for benefits for the lump sum of $40,000. Of that amount, $5,000 was paid to his representative for his fees.
Contentions of the Movant
Mr. Williams argues the language of section 32 (a) must be construed in his favor as abrogating any section 29 lien. “The agreement shall not bind the parties to it, unless it is approved by the board. Such agreements, when so approved, notwithstanding any other provisions, shall be final and conclusive upon the claimant, the claimants [sic] dependents, the employer and the insurance carrier.” (Workers’ Compensation Law § 32 [a] [emphasis added].)
The actual settlement agreement, signed by Mr. Williams and a representative of the Fund, contains a preamble which asserts that “the agreement, if approved by the Workers’ Compensation Board, is conclusive, final and binding on all the parties involved.” It goes on to state that “[t]he carrier shall be *615 responsible for all indemnity payment and medical expenses causally related to injury of 03/09/98 up to the date of approval of this settlement.” It provides the settlement is “in full resolution of all issues in this claim, now and in the future.”
A portion of the release signed by Mr. Williams in connection with the settlement states as follows: “There are no outstanding liens on my claim (such as child support, taxes, spousal maintenance, or attorney fees) other than the liens specifically referred to in the waiver agreement.”
On January 18, 2001, Mr. Williams, his representative, and a representative of the Fund appeared before a Commissioner of the Workers’ Compensation Board (Board) who approved the settlement. No mention of the section 29 lien was made by either side.
At the time of the settlement, Mr. Williams was receiving $108.98 per week for wage benefits. Assuming a life expectancy of 45.3 years, he relinquished approximately $257,000 in future wage benefits alone, which has a present value far in excess of the $40,000 settlement.
Contentions of the State Insurance Fund
In opposition to this application, the Fund presents an attorney’s affidavit in which he argues that the section 29 lien is not part of the workers’ compensation claim, but is intended to provide a mechanism for recoupment of payments from a third party for the same injury for which the carrier paid benefits. The lien is statutory and automatic. In order to waive it, there must be specific language, and neither section 32 nor the settlement agreement do so. He further argues that such an interpretation would allow a double recovery for claimants. An affidavit of Doug Shaw, a hearing representative for the Fund, who appeared at the hearing before the Board in this case, avers that he did not intend to waive any lien which the Fund had by virtue of section 29.
Discussion
Section 32 contains no language specifically waiving any section 29 lien. It allows a carrier and claimant to make their own agreement, provided it is approved by the Board. The Fund could have clearly insisted on language which would acknowledge the continued existence of its lien. Similarly, Mr. Williams could have insisted on wording in the agreement extinguishing the lien.
Despite the absence of any specific language concerning the lien, the clear and unambiguous language of the settlement *616 agreement was that the Fund would “be responsible for all indemnity payment and medical expenses causally related to injury of 03/03/98 up to the date of approval of [the] settlement.” The proceeds of the settlement of Mr. Williams’ third-party action will be his money. To permit the Fund to assert its lien against the settlement, in essence, would make Mr. Williams repay the Fund precisely those expenses it agreed to pay.
The fundamental principle of the Workers’ Compensation Law is to protect the worker, not the employer or its insurer, and the law should be liberally construed in favor of the employee. (Matter of Illaqua v Barr-Llewellyn Buick Co., 81 AD2d 708 [3d Dept 1981].) If a carrier wants to insure its lien will survive a section 32 settlement, it should make explicit provisions in the agreement, or at least assert its belief in the viability of the lien, when appearing before the Board for approval.
It is therefore the decision of this court and it is hereby ordered the settlement of this action for $95,000 is approved, and it is further ordered the lien of the New York State Insurance Fund pursuant to section 29 of the Workers’ Compensation Law against the settlement proceeds is of no force and effect by virtue of a written agreement pursuant to section 32 of the Workers’ Compensation Law approved by the Board on January 18, 2001.