■ In the Matter of the Claim of CHARLES PLACE, Appellant, v RYDER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [767 NYS2d 689]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed September 30, 2002, which ruled, inter alia, that

the self-insured employer had reserved its offset rights against the net recovery of claimant's third-party action.

Claimant received workers' compensation benefits from his self-insured employer after falling on premises owned by a third party. Thereafter, claimant settled his third-party action arising out of the accident. It is undisputed that the self-insured employer was not represented in court when the stipulation of settlement was placed on the record, there is nothing in the stipulation on the record concerning the employer's statutory lien and claimant obtained no written understanding of the effect of the settlement on the self-insured employer's obligation to continue paying workers' compensation benefits.

Jeffrey Brody, claimant's attorney in the third-party action, later wrote to Jill Mulder, the self-insured employer's attorney, for confirmation of his understanding of the employer's alleged agreement to, among other things, waive its statutory offset rights against claimant's net recovery from the third-party action (see Workers' Compensation Law § 29 [4]). Mulder replied that the self-insured employer had never intended to waive its right to a complete offset against claimant's future recovery, especially in light of its agreement to compromise its existing lien. At an ensuing hearing before a Workers' Compensation Law Judge, Mulder and Brody testified, reiterating their divergent views of the settlement agreement. Claimant also testified, stating that he would not have agreed to settle his third-party action had it been his understanding that he was releasing the self-insured employer from its obligations to pay future workers' compensation benefits. After considering this evidence, the Workers' Compensation Board affirmed the Workers' Compensation Law Judge's decision, concluding that the self-insured employer had reserved its offset rights against the net recovery of claimant's third-party action. Claimant appeals.

We affirm. "Whether a carrier has expressly preserved its right to future offset is an issue for resolution by the Board, and its decision, if supported by substantial evidence, will not be disturbed" (Matter of Whitcomb v Xerox Corp., 246 AD2d 947, 948 [1998] [citations omitted]; see Matter of Hilton v Truss Sys., 82 AD2d 711, 712 [1981], affd 56 NY2d 877 [1982]). In the absence of a written settlement agreement or the self-insured employer's written consent thereto, the Board was required to make a factual determination based solely on the testimony and correspondence of Mulder and Brody, which was exclusively within its province as the "sole and final arbiter" of witness credibility (Matter of Altman v Hazan Import Corp., 198 AD2d 674, 675 [1993]; see Matter of Baumgarten v New York State

*Banking Dept.*, 279 AD2d 741, 741 [2001]). We find that Mulder's correspondence explicitly set forth the self-insured employer's intention to reserve its offset rights against claimant's net recovery from the third-party action, thus providing the requisite substantial evidence supporting the Board's decision (*see Matter of Whitcomb v Xerox Corp., supra* at 948; *Matter of Angrisano v United Progress*, 114 AD2d 536, 537 [1985], *lv denied* 67 NY2d 607 [1986]). Accordingly, we decline to disturb it.

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.