■ In the Matter of the Claim of ROBERT RICHTER, Respondent, v RAMISTAIN SYSTEMS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [870 NYS2d 496]—

Rose, J.

Claimant sustained a compensable injury in January 2000, for which the claim was accepted and benefits were paid by his employer and its workers' compensation carrier, Zurich American Insurance Company. In July 2000, claimant initiated a third-party action against GAP, Inc. and Clayco Construction Company, Inc., parties for which Zurich also served as the liability carrier.

In November 2001, representatives of the parties to the third-party action held a conference that resulted in a settlement that included an $800,000 payment to claimant and waiver of Zurich's recoverable workers' compensation lien. Subsequent to the conference, claimant rejected the settlement, alleging that his attorney did not have the authority to agree to a settlement on his behalf. However, upon motion, Supreme Court (Ambrosio, J.) issued a November 2002 order determining the action resolved pursuant to the settlement and directing claimant to execute a general release in favor of the defendants and Zurich. Claimant executed such waiver in September 2003 and, in October 2003, Zurich paid claimant and sent him a letter consenting to the settlement and stating, for the first time, that it was preserving its rights to offsets against future workers' compensation benefits pursuant to Workers' Compensation Law § 29 (4).

In November 2003, Zurich began to exercise its right to offsets by refusing to reimburse claimant's medical expenses, which prompted claimant to request further action from the Workers' Compensation Board. After hearings, a Workers' Compensation Law Judge determined that Zurich had failed to specifically reserve its right to offsets and, upon appeal, the Board affirmed that decision. The employer and the carrier now appeal, and we affirm.

Pursuant to Workers' Compensation Law § 29 (4), when a claimant obtains a recovery against a third party for a compensable injury, the workers' compensation carrier is entitled to offset future benefits with the proceeds of any recovery (*see Matter of Brisson v County of Onondaga*, 6 NY3d 273, 277 [2006]; *Matter of Hilton v Truss Sys.*, 82 AD2d 711, 712 [1981], *affd* 56 NY2d 877 [1982]). However, if a carrier wishes to preserve its offset rights, it must do so "plainly and unambiguously" to afford a claimant the opportunity to take such into ac-

count when examining a proposed settlement offer, and any ambiguity will be resolved against the carrier (*Matter of Hilton v Truss Sys.*, 82 AD2d at 712; *see Matter of Brisson v County of Onondaga*, 6 NY3d at 278; *Matter of Angrisano v United Progress*, 114 AD2d 536, 537 [1985], *lv denied* 67 NY2d 607 [1986]). Further, when a carrier's acts and conduct indicate that it consented to a settlement, it will be estopped from claiming the offset benefits of the statute absent a clear reservation of its rights (*see Matter of Burton v ITT Cont. Baking Co.*, 93 AD2d 921, 921-922 [1983]; *Matter of Illaqua v Barr-Llewellyn Buick Co.*, 81 AD2d 708, 708 [1981]; *Matter of Gray v Jeremiah Burns, Inc.*, 6 AD2d 955, 955 [1958], *affd* 5 NY2d 975 [1959]). The issues of whether or not a carrier has consented to a settlement and has expressly preserved its right to a future offset are issues of fact for the Board to resolve, and its determination will not be disturbed if supported by substantial evidence (*see Matter of Brisson v County of Onondaga*, 6 NY3d at 279; *Matter of Place v Ryder*, 2 AD3d 961, 962 [2003]).

Here, the record demonstrates that, despite his contention that he had no authority to settle claimant's workers' compensation claim because he was acting solely on behalf of Zurich as a liability carrier for GAP, claims adjustor James McGloughlin participated in the November 2001 third-party settlement conference and entered into an agreement that paid claimant $800,000 and "waived" Zurich's workers' compensation lien for past compensation. Evidence shows further that, during the conference, McGloughlin was in contact with representatives from Zurich's workers' compensation department and was authorized to enter into a settlement that impacted claimant's workers' compensation claim. Claimant was thereafter compelled to accept the November 2001 settlement agreement by court order, and Zurich did not attempt to reserve its rights to offset until a letter drafted to claimant in October 2003. As such, we find that substantial evidence supported the Board's determinations that Zurich consented to the November 2001 settlement agreement and that it did not preserve its rights to offset further benefits (*see Matter of Brisson v County of Onondaga*, 6 NY3d at 279; *Matter of Place v Ryder*, 2 AD3d at 962). We have examined the remaining contentions raised by the employer and the carrier and find them without merit.

Cardona, P.J., Spain, Kavanagh and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.