■ SAMEI JAMAL, Respondent, v PRAVINA V. GOHEL, Defendant. NEW YORK STATE INSURANCE FUND, Nonparty Appellant. [895 NYS2d 484]—

In an action, inter alia, to recover damages for wrongful death, nonparty New York State Insurance Fund appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated November 10, 2008, which, among other things, granted the plaintiff's motion to extinguish its right to claim a credit or offset against the Workers' Compensation death benefits it was obligated to pay to the plaintiff and her children, in an amount equal to the proceeds of the jury award in the action, to compel it immediately to reinstate those death benefits, and to compel it immediately to pay those death benefits it had refused to pay, retroactive to April 9, 2008.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion is denied.

The plaintiff filed a claim for death benefits with the New York State Workers' Compensation Board (hereinafter the Board), on her own behalf and on behalf of her four minor children, in connection with the death of her husband (hereinafter the decedent), in a work-related automobile accident that occurred on December 9, 1999. The Board awarded death benefits, payable by the New York State Insurance Fund (hereinafter SIF), the Workers' Compensation insurance carrier for the decedent's employer. The plaintiff, as administrator of the decedent's estate and on her own behalf, also commenced this wrongful death and personal injury action against Pravina V. Gohel, the driver of a vehicle involved in the decedent's accident. After a jury trial in the Supreme Court, judgment was entered in favor of the plaintiff and against Gohel in the total sum of $294,359.74. The plaintiff then obtained a decree from the Surrogate's Court, inter alia, approving both the allocation of the entire amount of the proceeds of the jury award to the wrongful death cause of action and the discontinuance of the cause of action alleging conscious pain and suffering. Thereafter, SIF retroactively consented to the Surrogate's decree, and waived its statutory right pursuant to Workers' Compensation Law § 29 (1) to a lien against the recovery.

Subsequently, however, SIF asserted its right pursuant to Workers' Compensation Law § 29 (4) to claim a credit or offset

against the death benefits that it was otherwise obligated to pay to the plaintiff and her children in an amount equal to the proceeds of the jury award. SIF consequently suspended its payments of those benefits. The plaintiff moved in the Supreme Court to extinguish SIF's right to claim any credit or offset against the death benefits, to compel SIF to reinstate the death benefits, and to compel SIF immediately to pay the death benefits it had refused to pay, retroactive to April 9, 2008, contending that SIF failed to reserve its right to claim a credit or offset. In the order appealed from, the Supreme Court granted the motion. We reverse.

The Supreme Court erred in entertaining the plaintiff's motion. "[P]rimary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board" (*Botwinick v Ogden*, 59 NY2d 909, 911 [1983]; *see Liss v Trans Auto Sys.*, 68 NY2d 15, 21 [1986]). Where, as here, the availability of Workers' Compensation benefits "hinges upon questions of fact or upon mixed questions of fact and law, the parties may not choose the courts as the forum for resolution of the questions, but must look to the Workers' Compensation Board for such determinations" (*Nunes v Window Network, LLC*, 54 AD3d 834, 835 [2008]; *see Liss v Trans Auto Sys.*, 68 NY2d at 20-21; *Botwinick v Ogden*, 59 NY2d at 911; *O'Rourke v Long*, 41 NY2d 219, 228 [1976]). The issue of whether an employer or insurer has adequately reserved its right to claim a credit or an offset is a matter of fact for the Board (*see Matter of Brisson v County of Onondaga*, 6 NY3d 273, 279 [2006]; *Matter of Richter v Ramistain Sys.*, 57 AD3d 1186, 1188 [2008]; *Matter of Place v Ryder*, 2 AD3d 961, 962 [2003]). Accordingly, the instant issue is properly one for the Board's determination.

In light of our determination, we need not reach the parties' remaining contentions. Santucci, J.P., Dickerson, Chambers and Sgroi, JJ., concur.