Spain, J.
Appeal from a decision of the Workers’ Compensation Board, filed April 6, 2011, which ruled that the employer was entitled to offset its future compensation to claimant pursuant to Workers’ Compensation Law § 29 (4).
Claimant sustained a work-related injury to both knees, both hands and her right elbow when she tripped and fell in January 2004. She received workers’ compensation benefits for her injuries from January 2004 through August 2004, when she *1061 returned to work and, thereafter, the self-insured employer and its workers’ compensation administrator (hereinafter collectively referred to as the employer) continued to pay for medical expenses related to the injury. Meanwhile, claimant initiated a personal injury action against numerous third parties in January 2007. In February 2009, that action was settled for $155,000, with the consent of the employer. In 2010, claimant sought to reopen her claim to establish a schedule loss of use award. The employer, in addition to controverting the claim, asserted that if entitlement to an award were established, it was entitled to an offset from claimant’s settlement proceeds pursuant to Workers’ Compensation Law § 29 (4). Following a hearing, a Workers’ Compensation Law Judge ruled that the employer had waived its right to an offset from the settlement. However, the Workers’ Compensation Board reversed and found that, at the time of the settlement, the employer had reserved its right to a future offset. Claimant appeals and we now reverse.
Pursuant to Workers’ Compensation Law § 29 (1), a claimant may commence a third-party action for damages arising from an accident underlying a workers’ compensation claim, but an employer or carrier is entitled to a lien on any recovery for the amount of compensation and medical expenses already disbursed (see Matter of Brisson v County of Onondaga, 6 NY3d 273, 277 [2006]; Matter of Amacio v Tully Constr., 82 AD3d 1371, 1371-1372 [2011]). In addition, pursuant to Workers’ Compensation Law § 29 (4), an employer or carrier may also assert the right to offset a claimant’s future compensation benefits with the proceeds of any recovery (see Matter of Brisson v County of Onondaga, 6 NY3d at 277; Matter of Richter v Ramistain Sys., 57 AD3d 1186, 1187 [2008]). However, when such rights are sought to be preserved in the context of a settlement of the third party claim, an employer or carrier must reserve the right “unambiguously and expressly” when giving consent to the settlement, or such right is deemed waived (Matter of Brisson v County of Onondaga, 6 NY3d at 279; see Matter of Richter v Ramistain Sys., 57 AD3d at 1187-1188; Matter of Hilton v Truss Sys., 82 AD2d 711, 712 [1981], affd 56 NY2d 877 [1982]).
Here, in several letters written to claimant’s counsel prior to settlement of the third-party claim, the administrator expressly reserved “all of our rights and that of our client under [Workers’ Compensation Law § 29].” However, the subsequent settlement agreement, to which the employer was a party, stipulated that all claims would be settled for the amount of $155,000 “plus waiver of [workers’ [c]omp lien.” Inasmuch as the lien waiver set forth in the settlement made no discernment be *1062 tween the type of lien — present or future — to be waived pursuant Workers’ Compensation Law § 29, we cannot agree with the Board that the employer “plainly and unambiguously” preserved its right to a future offset to the settlement and, consequently, the Board’s determination is not supported by substantial evidence (Matter of Hilton v Truss Sys., 82 AD2d at 712; see Matter of Robinette v Meyer Sign Co., 43 AD2d 458, 461 [1974]).
Mercure, J.E, Stein, McCarthy and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.