Findlater v Catering by Michael Schick, Inc. (2018 NY Slip Op 07702)





Findlater v Catering by Michael Schick, Inc.


2018 NY Slip Op 07702


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2017-00270
 (Index No. 9329/14)

[*1]Christopher Findlater, respondent, 
v
Catering by Michael Schick, Inc., appellant, et al., defendant.


Goldberg Segalla LLP, Garden City, NY (Brendan T. Fitzpatrick and James P. Gilroy of counsel), for appellant.
Lipsig, Shapey, Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Catering by Michael Schick, Inc., appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated November 28, 2016. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it and granted the plaintiff's cross motion for summary judgment determining that the defendant Catering by Michael Schick, Inc., was negligent in the happening of the subject accident and that the plaintiff was an independent contractor at the time of the accident.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying the motion of the defendant Catering by Michael Schick, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and (2) by deleting the provision thereof granting that branch of the plaintiff's cross motion which was for summary judgment determining that the plaintiff was an independent contractor at the time of the accident; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for new determinations of that defendant's motion and that branch of the plaintiff's cross motion which was for summary judgment determining that the plaintiff was an independent contractor at the time of the accident after final resolution of a prompt application to the Workers' Compensation Board to determine the parties' rights under the Workers' Compensation Law.
The plaintiff worked intermittently for the defendant Catering by Michael Schick, Inc. (hereinafter the defendant), for several years. On April 6, 2014, the plaintiff positioned food racks that were to be loaded by forklift onto a tractor trailer. One of the food racks fell from a forklift operated by the defendant's employee and struck the plaintiff, causing him injuries. The plaintiff thereafter commenced this action to recover damages for personal injuries. Following discovery, the defendant moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that the action was barred by the exclusivity provisions of the Workers' Compensation [*2]Law. The plaintiff cross-moved for summary judgment determining that the defendant was negligent in the happening of the accident and that the plaintiff was an independent contractor at the time of the accident. The Supreme Court denied the defendant's motion, and granted the plaintiff's cross motion, concluding that the plaintiff was an independent contractor at the time of the accident. The defendant appeals.
Where the availability of workers' compensation benefits "hinges upon questions of fact or upon mixed questions of fact and law, the parties may not choose the courts as the forum for resolution of the questions, but must look to the Workers' Compensation Board for such determinations" (Jamal v Gohel, 70 AD3d 896, 897 [internal quotation marks omitted]). "The question of whether a particular person is an employee within the meaning of the Workers' Compensation Law is usually a question of fact to be resolved by the Workers' Compensation Board" (Nunes v Window Network, LLC, 54 AD3d 834, 835). Here, in light of the affidavit of the defendant's employee, who stated that he trained the plaintiff, supervised the plaintiff closely, set the plaintiff's hours on the days the plaintiff worked, and directed the plaintiff's work, there is a question of fact regarding whether the plaintiff was the defendant's employee on the date of the accident. Accordingly, because "there is a question of fact as to whether the plaintiff has a valid negligence cause of action against the defendant," "[t]hat determination must be made in the first instance by the Workers' Compensation Board" (id. at 835).
Accordingly, the Supreme Court should not have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it, and should not have granted that branch of the plaintiff's cross motion which was for summary judgment determining that the plaintiff was an independent contractor at the time of the accident. Instead, the court should have held the motion and that branch of the cross motion in abeyance pending a final resolution of a prompt application to the Workers' Compensation Board to determine the parties' rights under the Workers' Compensation Law.
We agree, however, with the Supreme Court's determination to grant that branch of the plaintiff's cross motion which was for summary judgment determining that the defendant was negligent in the happening of the accident. The plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of negligence against the defendant, and in opposition, the defendant failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320; Zuckerman v City of New York, 49 NY2d 557).
MASTRO, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court